OPINION
Appellant Gregory Sciance was indicted on five felony drug trafficking offenses on July 11, 1990, by the Muskingum County Grand Jury. Trial was originally set for September 18, 1990. However, appellant failed to appear, and was not brought before the trial court until October 23, 1996.
On December 11, 1996, appellant entered a plea of guilty to each of the charges in the indictment. The court accepted the pleas, and set the matter for sentencing on January 13, 1997. Appellant was then sentenced, pursuant to pre-Senate Bill 2 sentencing guidelines, to three to fifteen years incarceration on four counts of Aggravated Trafficking, and one to one and one-half years incarceration on Trafficking in Marijuana.
Appellant filed a motion for post-conviction relief, claiming that the court failed to inform him of his statutory right to be sentenced pursuant to Senate Bill 2, effective January 13, 1997.
The court dismissed the petition for post-conviction relief.
Appellant assigns two errors on appeal:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO PRE-SENATE BILL 2 GUIDELINES, RATHER THAN PURSUANT TO SENATE BILL 2.
 II. THE FAILURE OF TRIAL COURT TO OBJECT TO THE SENTENCING OF THE DEFENDANT-APPELLANT UNDER PRE-SENATE BILL 2 GUIDELINES, RATHER THAN PURSUANT TO SENATE BILL 2, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I. II.
Both of appellant's Assignments of Error rely for their validity on this court's holding in State vs. Rush (July 7, 1997), Stark App. No. 1996CA00149, unreported. Pursuant to Rush, appellant argues that he should have been given an opportunity to elect whether to be sentenced pursuant to the law in effect on the date of the offense, or the law in effect on the date of sentencing. Appellant also argues that counsel was ineffective for failing to object to the sentencing pursuant to pre-Senate Bill 2 guidelines.
In State vs. Rush (1998), 83 Ohio St.3d 53, the Ohio Supreme Court overruled this court's prior decision in that case. Therefore, even though appellant was sentenced after the effective date of Senate Bill 2, R.C. 1.58(B) does not give him the right to elect to be sentenced pursuant to Senate Bill 2. Accordingly, the trial court did not err in dismissing his petition for post-conviction relief.
Assignments of Error I. and II. are overruled.
The judgment of the Muskingum County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is affirmed. Costs to appellant.