OPINION
Defendant-Appellant, Donald E. Cox ("appellant"), appeals from the judgment entered in the Coshocton County Court of Common Pleas denying appellant's motion to resentence him under the amended sentencing provisions of Am.Sub. S.B. No. 2. Appellant assigns as error:
I
 APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION TEN, OF THE OHIO CONSTITUTION AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
By indictment filed July 11, 1996, appellant was charged with one count of aggravated trafficking in cocaine, a violation of R.C. Section 2925.03(A)(1)(C)(1), a felony of the third degree, and one count aggravated trafficking in cocaine in violation of R.C. Section 2925.03(A)(5)(C)(5), a felony of the second degree. On November 25, 1996, appellant pled guilty to both charges alleged in the indictment. All charges to which appellant pled guilty were alleged to have occurred on April 29, 1996.
Following his pleas, the Coshocton County Court of Common Pleas sentenced appellant under the statutory schemes that existed at the time appellant was alleged to have committed the crimes for which he was charged.
On September 18, 1997, appellant filed a motion requesting the common pleas court resentence him pursuant to Am.Sub. S.B. No. 2. Appellant maintained that with the passage of Am.Sub. S.B. No. 2, the Ohio General Assembly effected significant changes in Ohio's criminal code and thereby reduced the terms of imprisonment for many offenses as compared to the former statutory scheme. Although appellant admits that the crimes for which he pled were committed prior to the effective date of Am.Sub. S.B. No. 2 (July 1, 1996), he was not sentenced for those crimes until after the effective date of Am.Sub. S.B. No. 2. As such, appellant maintains that he should have been sentenced under Am.Sub. S.B. No. 2, which bill became effective between the date of the crimes for which he was charged and his sentence for same.
The Coshocton County Court of Common Pleas denied appellants motion for resentencing. It is from this judgment that appellant has filed a timely notice of appeal.
 I
Appellant's sole assignments of error is based upon his claim that he should have been sentenced under the provisions of Am.Sub. S.B. No. 2. For the reasons that follow, appellant's sole assignment of error is hereby overruled.
The Ohio Supreme Court recently held in State v. Rush (1998),83 Ohio St.3d 53, paragraph two of the syllabus, that "[b]ecause the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub. S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C.1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub. S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."
Accordingly, because the crimes to which appellant pled guilty were committed before July 1, 1996, the date in which Am.Sub S.B. No. 2 became effective, those amended sentencing provisions do not apply.
Appellant's sole assignment of error is hereby overruled.
For these reasons, the judgment entered in the Coshocton County Court of Common Pleas is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.