OPINION
Defendant-appellant Jevon J. Bradley, aka Jason Bradley, appeals the judgment entered in the Coshocton County Court of Common Pleas denying his motion to resentence under the amended sentencing provisions of Am. Sub. S.B. No. 2. Appellant assigns as error:
 APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.
On July 11, 1996, the Coshocton County Grand Jury indicted appellant on five counts of aggravated trafficking in crack cocaine, in violation of R.C. 2925.03(C)(1)(a), felonies of the second degree; and one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the third degree. On December 16, 1996, appellant entered pleas of no contest to the five counts of aggravated trafficking in crack cocaine and the State entered a nolle prosequi with respect to the charge of receiving stolen property. The trial court accepted appellant's pleas of no contest and found appellant guilty of the five counts of aggravated trafficking.
On May 12, 1997, the trial court sentenced appellant pursuant to the statutory guidelines in existence at the time appellant was alleged to have committed the crimes for which he was charged. Appellant does not dispute the activity for which he was charged by way of indictment occurred before July 1, 1996.
Following his sentence, appellant filed a motion with the trial court requesting he be resentenced under the provisions of Am. Sub. S.B. No. 2, which law became effective July 1, 1996. The trial court overruled appellant's motion. It is from this decision appellant has filed the within appeal.
Appellant contends, by enacting Am. Sub. S.B. No. 2, the Ohio General Assembly effected significant changes in Ohio's Criminal Code which resulted in the reduction of the terms of imprisonment for many offenses as compared to the former statutory scheme. Appellant admits the crimes for which he plead no contest were committed prior to the effective date of Am. Sub. S.B. No. 2 (July 1, 1996). However, because he was not sentenced for those crimes until after the effective date, appellant maintains he should have been sentenced under Am. Sub. S.B. No. 2, which bill became effective between the date of his crimes and his pleas of no contest to same.
The Ohio Supreme Court recently held in State v. Rush (1998),83 Ohio St.3d 53, para. 2 of the syllabus, "[b]ecause the General Assembly has expressly stated that the amended sentencing provisions of Am. Sub. S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am. Sub. S.B. No. 2 only apply to those crimes committed on or after July 1, 1996."
Accordingly, because the crimes to which appellant pled no contest were committed before July 1, 1996, the effective date of Am. Sub. S.B. No. 2, the amended sentencing provisions do not apply.
Appellant's sole assignment of error is overruled.
For these reasons, the judgment entered in the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
For the reasons stated in accompanying Memorandum-Opinion, the judgment entered in the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.