[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant, Kenneth Randall, appeals from his conviction and sentence for Aggravated Robbery and Kidnaping.
Kenneth Randall was indicted on December 27, 1994 on one count of Aggravated Robbery, R.C. 2911.01, one count of Kidnaping, R.C. 2905.01, and two counts of Receiving Stolen Property, R.C.2913.51.
A public defender attorney was appointed to represent Randall, but he subsequently withdrew due to a conflict of interest. Another attorney was then appointed to represent Randall, but he later withdrew due to health problems. A third attorney was then appointed to represent Randall. That attorney sought a continuance of the trial date in order to properly prepare for trial, but Randall strenuously objected to any further continuances of his case, and Randall insisted on immediately going to trial and representing himself.
A jury trial commenced on September 4, 1996. Randall was found guilty as charged on all counts. On September 10, 1996, the trial court sentenced Randall to seven to twenty-five years imprisonment on the aggravated robbery charge and eight to twenty-five years on the kidnaping charge, said sentences to be served consecutively. In addition, the trial court fined Randall $7,500. No sentence was imposed on the two receiving stolen property charges because the trial court merged these offenses into the aggravated robbery charge.
Kenneth Randall has timely appealed to this court. He presents four assignments of error for our review.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT PURSUANT TO FORMER R.C. 2929.14
AFTER JULY 1, 1996.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN IMPOSING A FINE UPON DEFENDANT-APPELLANT IN ADDITION TO A PRISON TERM.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON DEFENDANT-APPELLANT.
Randall's first, second and fourth assignments of error all relate to the sentence imposed upon him. Accordingly, we will consider these claims together.
In his first assignment of error, Randall argues that the trial court erred by not sentencing him pursuant to the present version of R.C. 2929.14(A) rather than pursuant to a former version of R.C. 2929.11, which would have resulted in a maximum sentence of twenty years rather than the fifteen to fifty year aggregate sentence that he received.
In his second assignment of error, Randall argues that the trial court erred in imposing a fine upon him, in addition to terms of imprisonment, because he is indigent and unable to pay a fine. R.C. 2929.18(B)(1).
In his fourth assignment of error, Randall argues that the trial court erred by ordering his prison terms to be served consecutively. Randall argues that the offenses were not committed while he was awaiting trial or sentencing, that he has no history of criminal conduct necessitating consecutive sentences to protect the public from his future crimes, and the harm caused by these offenses was not so great that one single sentence would be sufficient to adequately reflect the seriousness of Randall's conduct. R.C. 2929.14(E)(4).
These arguments depend entirely upon Randall's underlying claim that, though his offenses were committed prior to July 1, 1996, because he was not convicted and sentenced until after July 1, 1996, he was entitled to the benefit of these more lenient punishments, which became available when the legislature amended the sentencing laws. See Amended Substitute Senate Bill 2, S.B. 2, effective July 1, 1996. This claim, however, has been expressly rejected by the Ohio Supreme Court. State v. Rush (1998),83 Ohio St.3d 53.
The first, second, and fourth assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ADMITTING DEFENDANT-APPELLANT'S STATEMENT INTO EVIDENCE BECAUSE IT WAS UNLAWFULLY OBTAINED.
Randall complains that the trial court erred by failing to suppress a tape recorded statement he gave to police. Randall claims that the statement was obtained in violation of his Miranda
rights. See Miranda v. Arizona (1966), 384 U.S. 436.
Neither Randall nor any of the three attorneys who represented him at various times in this case filed a motion to suppress this evidence prior to trial. During the trial, when his tape recorded statement was played for the jury, Randall for the first time objected to that evidence. The trial court overruled Randall's objection, however, because it was not timely raised before trial.
Crim.R. 12 provides in relevant part:
 (B) Pretrial motions. Prior to trial, any party may raise by motion any defense, objection evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
* * *
 (3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.
* * *
 (G) Effect of failure to raise defenses or objections. Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (C) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.
By failing to file a motion to suppress his tape recorded statement he gave to police before his trial commenced, Randall waived any error in admitting that evidence at trial. Although the trial court had discretion to allow Randall to raise this issue in an untimely manner at trial, the court did not "abuse its discretion," as that term is defined by Ohio law, State v. Adams
(1980), 62 Ohio St.2d 151, in refusing to do so.
This record reflects that Randall's statement was made available to two of the attorneys who represented Randall in this case. One of those attorneys even brought a copy of that taped statement to Randall and gave it to him. On the basis of these facts and circumstances, we see no abuse of discretion in admitting the evidence over Randall's objection, which could have been made prior to trial.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Darnell E. Carter, Esq.
Darrell L. Heckman, Esq.
Hon. Richard J. O'Neill