This is an appeal from the order of the Lawrence County Court of Common Pleas denying the motion of the appellant, Johnny S. Richardson, for resentencing under the provisions of Am.Sub.S.B. No. 2 ("S.B. 2").
Since the appellee does not dispute the accuracy of the procedural posture of the case as set forth by Richardson,pro se, we adopt it for the purpose of this decision.[1]
In September 1995, Richardson was indicted in a single count for aggravated burglary pursuant to R.C. 2911.11 with a specification that he had been convicted previously of burglary. In October 1995, Richardson was sentenced by a court in West Virginia to serve one year of confinement for the crime of receiving stolen property. After serving ten months of that sentence, authorities in West Virginia released him to authorities in Ohio to answer the charge for which he had been indicted in Ohio.
On October 9, 1996, Richardson, while represented by counsel, entered an intelligent, voluntary plea of guilty to the charge of aggravated burglary,[2] and he was sentenced to a term of not less than eight years, nor more than twenty years, "in the appropriate penal institution."
On May 21, 1998, Richardson filed, pro se, his "Motion to resentence under the provisions of Senate Bill 2 [sic]," and it was "denied" by the court on May 27, 1998. Richardson's appeal was filed, pro se, on June 9, 1998.
Richardson's singular assignment of error is, in his own words:
 The trial court erred in denying Appellant resentencing under the new sentencing laws. Senate Bill 2. Thus denying Appellant the right to a remedy, due process and equal protection of the law for all persons.
 Which has resulted in the violation of Appellant's Equal Protection and Due Process Rights under the Fourteenth Amendment of the United States Constitution, and Article I, Section 16 of the Ohio Constitution.
We hold it not to be well taken and overrule it upon authority of State v. Rush (1998), 83 Ohio St.3d 53,697 N.E.2d 634, paragraphs one, two, and three of the syllabus, which are:
 1. The phrase "notwithstanding division (B) of section 1.58 of the Revised Code," contained in Section 5 of Am.Sub.S.B. No. 2 (146 Ohio Laws, Part IV, 7136) as amended by Section 3 of Am.Sub.S.B. No. 269 (146 Ohio Laws, Part VI, 11099) cannot be construed as an attempt to amend R.C. 1.58(B).
 2. Because the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996.
 3. Section 5 of Am.Sub.S.B. No. 2, as amended by Section 3 of Am.Sub.S.B. No. 269, does not violate the constitutional prohibitions against ex post facto and retroactive legislation.
See, also, State v. Lewis (May 28, 1998), Lawrence App. No. 97 CA 51, unreported, an opinion from this court authored by Judge Harsha, to the same effect.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Shannon, J., Abele, J. Harsha, J.: Concur in Judgment 
Opinion
 --------------------------------- Raymond E. Shannon, Judge
 --------------------------------- Peter B. Abele, Judge
 --------------------------------- William H. Harsha, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth District.
[1] The procedural status and the facts as given by Richardson are amplified and verified by the certified record in this appeal.
[2] The judgment entry journalized October 10, 1996, recites,inter alia, that "[t]he State of Ohio made a Motion to Amend the Indictment by deleting the Specification of a prior Burglary offense * * * and it is * * * Ordered that the Indictment is Amended so as to delete the Specification [sic]."