Defendant-appellant Andre D. Dunn appeals the May 12, 1998 Judgment Entry of the Stark County Court of Common Pleas which overruled his motion for judicial release. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE
On May 16, 1995, appellant was sentenced to an indeterminate term of seven to fifteen years as a result of his conviction on felonious assault, together with a sentence of three actual years of incarceration for conviction on the accompanying firearm specification, to run consecutively to and prior to the felonious assault sentence.
On April 27, 1998, appellant filed his motion for judicial release. The trial court overruled the motion via Judgment Entry filed May 12, 1998, finding appellant was ineligible for judicial release. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED WHEN IT HELD THAT THE APPELLANT WAS NOT ELIGIBLE FOR JUDICIAL RELEASE.
R.C. 2929.20(A)(1)(b) includes as an "eligible offender" for purposes of judicial release:
 A person who has been convicted of or pleaded guilty to a felony, who was sentenced to a mandatory prison term and another prison term of ten years or less, and who has served the mandatory prison term;
Although the sentence imposed upon appellant would fall within the parameter of the statute, the statute did not become effective until July 1, 1996. R.C. 2929.20 was enacted as part of S.B. No. 2. In State v. Rush (1998), 83 Ohio St.3d 53, the Ohio Supreme Court determined S.B. No. 2 was not retroactive[1]
and its non-retroactive application was constitutional. Therefore, the trial court did not err in finding appellant was ineligible for judicial release. The same conclusion was reached in State v. Houston (April 21, 1998), Allen App. No. 1-97-69, unreported, and State v. Williams (Nov. 12, 1996), Hawking App. No. 96CA9, unreported.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
[1] In S.B. No. 269, effective September 16, 1997, the legislature specifically stated S.B. No. 2 was not to be applied retroactively.