Appellant, Norman Moore, Jr., appeals from a judgment of the Trumbull County Court of Common Pleas overruling his "Motion to Suspend and Modify Sentence Pursuant to Senate Bill 2."
On May 2, 1996, the Trumbull County Grand Jury indicted appellant on three counts. Count one charged complicity to commit aggravated robbery, R.C. 2911.01(A)(1) and 2923.03, an aggravated felony of the first degree; count two alleged failure to comply with the order or signal of a police officer, R.C. 2921.331(B)(1), (3), a felony of the fourth degree, with a specification of a prior conviction of a violent crime, R.C.2941.143; and count three charged felonious assault of a police officer, R.C. 2903.11(A)(2), an aggravated felony of the first degree. The indictment stated that each offense occurred on or about February 16, 1996.
On October 31, 1996, as part of a plea bargain, appellant pleaded guilty under an amended indictment to count two, the failure to comply with the order or signal of a police officer, without a specification, and count three, attempted felonious assault. Although it is not entirely clear from a review of the record before this court, it appears that the specification relating to the second count was dismissed as part of the plea bargain. Also, in a judgment entry filed on October 31, 1996, the trial court sentenced appellant to a determinate period of six months relating to count two, the failure to comply with the order or signal of a police officer, and two to ten years of incarceration on count three, attempted felonious assault, which sentences were to run concurrently. The trial court entered a nolle prosequi on count one.
On June 23, 1997, appellant filed a "Motion to Suspend and Modify Sentence Pursuant to Senate Bill 2." In a two-sentence judgment entry filed on December 15, 1997, the trial court overruled the motion. Appellant filed a timely notice of appeal on January 6, 1998, and on March 24, 1998, this court remanded the matter to the trial court "to set forth findings of fact and conclusions of law, or to indicate why they are not required." In a judgment entry filed on April 28, 1998, the trial court filed findings of fact and conclusions of law, concluded that appellant's "Motion to Suspend and Modify Sentence Pursuant to Senate Bill 2" was properly overruled, and determined that appellant's motion was not a petition for postconviction relief, but merely a motion for resentencing under Am.Sub.S.B. No. 2.
This cause is now before this court as a premature appeal pursuant to App. R. 4(C), and appellant asserts the following single assignment of error:
 "Defendant/Appellant's sole error in the instant case at bar is the [s]entencing of the Appellant when he should [have] been sentenced to the law [that] was in effect at the time of sentencing by the Court."
The essence of appellant's argument is that Am.Sub.S.B. No. 2, the sentencing law in effect at the time he was sentenced, should be applied to determine his sentence, rather than the law in effect at the time he committed the offense. Stated differently, appellant asserts that in sentencing him, the trial court violated R.C. 1.58(B), which states:
 "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."
The Supreme Court of Ohio has recently specifically rejected appellant's argument in State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus, in which the court held:
 Because the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."
In the present case, appellant pleaded guilty to crimes that occurred on February 16, 1996. Since the crimes occurred before July 1, 1996, the effective date of Am.Sub.S.B. No. 2 pursuant to Rush, appellant was properly sentenced according to the law in effect when he committed the offenses. Therefore, the trial court correctly overruled appellant's motion to modify sentence. Appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit. judgment of the Trumbull County Court of Common Pleas is affirmed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.