[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 53.]

THE STATE OF OHIO, APPELLANT, *v*. RUSH, APPELLEE.

THE STATE OF OHIO, APPELLEE, *v*. MITCHELL, APPELLANT.

THE STATE OF OHIO, APPELLANT, *v*. TOLER, APPELLANT.

[Cite as *State v. Rush*, 1998-Ohio-423.]

*Statutory construction—Phrase "notwithstanding division (B) of Section 1.58 of the Revised Code" contained in Section 5 of Am.Sub.S.B. No. 2, as amended by Section 3 of Am.Sub.S.B. No. 269, cannot be construed as an attempt to amend R.C. 1.58(B)—Criminal law—Amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to these crimes committed on or after July 1, 1996—Section 5 of Am.Sub.S.B. No. 2, as amended by Section 3 of Am.Sub.S.B. No. 269, does not violate constitutional prohibitions against ex post facto and retroactive legislation.*

1.  The phrase "notwithstanding division (B) of section 1.58 of the Revised Code," contained in Section 5 of Am.Sub.S.B. No. 2 (146 Ohio Laws, Part IV, 7136) as amended by Section 3 of Am.Sub.S.B. No. 269 (146 Ohio Laws, Part VI, 11099) cannot be construed as an attempt to amend R.C. 1.58(B).

2.  Because the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996.

3.  Section 5 of Am.Sub.S.B. No. 2, as amended by Section 3 of Am.Sub.S.B. No. 269, does not violate the constitutional prohibitions against *ex post facto* and retroactive legislation.

(Nos. 97-1778, 97-2121, 97-2123 and 97-2266—Submitted May 27, 1998—

Decided August 19, 1998.)

APPEAL from the Court of Appeals for Stark County, No. 96CA419.

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 97APA03-351.

CERTIFIED by the Court of Appeals for Hamilton County, No. C-960835.

_____

{¶ 1} The consolidated cases under consideration, though factually diverse, involve a single legal issue. Johnnie D. Rush, Brian K. Mitchell, and Nathaniel Toler ("defendants") committed offenses prior to the July 1, 1996 effective date of Am.Sub.S.B. No. 2 ("S.B. 2"), 146 Ohio Laws, Part IV, 7136, for which they were sentenced after the effective date. Each claims entitlement to be sentenced pursuant to the amended provisions contained in S.B. 2, rather than the sentencing guidelines in effect at the time he committed his offense.

{¶ 2} Courts throughout the state have rendered conflicting decisions regarding the applicability of S.B. 2's amended sentencing provisions.[1] Of the cases currently before this court, both the First and Fifth Appellate Districts have determined that the terms of S.B. 2 apply to those defendants awaiting sentencing as of July 1, 1996. The Tenth District Court of Appeals reached the opposite conclusion, holding the terms of S.B. 2 inapplicable to all defendants who committed crimes prior to July 1, 1996, regardless of their sentencing status as of that date.

_____

1. See *State v. Lawrence* (Oct. 29, 1997), Summit App. No. 18298, unreported, 1997 WL 775766; *State v. Toler* (Sept. 19, 1997), Hamilton App. No. C-960835, unreported, 1997 WL 603218; *State v. Mitchell* (Sept. 4, 1997), Franklin App. No. 97APA03-351, unreported, 1997 WL 559463; *State v. Mills* (Aug. 29, 1997), Wood App. No. WD-97-012, unreported, 1997 WL 543067; *State v. Rush* (July 7, 1997), Stark App. No. 96CA419, unreported, 1997 WL 930151; *State v. Vance* (June 27, 1997), Clark App. No. 96-CA-84, unreported, 1997 WL 351281; *State v. Cox* (Apr. 28, 1997), Warren App. Nos. CA96-07-069 and CA96-08-075, unreported, 1997 WL 208116; *State v. Jenkins* (Feb. 11, 1997), Lawrence App. No. 96CA40, unreported, 1997 WL 66764.

**{¶ 3}** Case Nos. 97-1778 and 97-2121 are before this court upon the allowance of a discretionary appeal. Case Nos. 97-2123 and 97-2266 are before this court upon our determination that a conflict exists.

————————————

*Robert D. Horowitz,* Stark County Prosecuting Attorney, *Frederic R. Scott* and *Ronald Mark Caldwell,* Assistant Prosecuting Attorneys, for appellant state of Ohio in case No. 97-1778.

*David H. Bodiker,* Ohio Public Defender, and *Jill E. Stone,* Assistant Public Defender, for appellee Johnnie D. Rush in case No. 97-1778.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee state of Ohio in case Nos. 97-2121 and 97-2123.

*Judith M. Stevenson,* Franklin County Public Defender, and *Allen V. Adair*, Assistant Public Defender, for appellant Brian K. Mitchell in case Nos. 97-2121 and 97-2123.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Sherry Green,* Assistant Prosecuting Attorney, for appellant state of Ohio in case No. 97-2266.

*W. Michael Kaiser*, for appellee Nathaniel Toler in case No. 97-2266.

*Kura & Wilford Co., L.P.A.*, and *Barry W. Wilford*, urging affirmance in case No. 97-1778 for *amicus curiae* Ohio Association of Criminal Defense Lawyers.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Paul Michael Maric*, Assistant Prosecuting Attorney, urging reversal in case No. 97-1778 for *amicus curiae* Ohio Prosecuting Attorneys Association.

————————————

**COOK, J.**

{¶ 4} Today we decide the following issue: whether the amended sentencing provisions of S.B. 2 are applicable to those defendants who committed crimes prior to, but were convicted after, its July 1, 1996 effective date. We conclude that the S.B. 2 sentencing provisions are inapplicable to those defendants.

STATUTORY ANALYSIS

{¶ 5} With the passage of S.B. 2, the General Assembly effected significant changes in Ohio's criminal code, modifying the classifications of criminal offenses and corresponding sentences. See 146 Ohio Laws, Part IV, 7136; Legislative Service Commission Analysis of Sub.S.B. No. 2, Parts II and V (1995). Ostensibly, S.B. 2 reduces the terms of imprisonment for many offenses from those possible under the former statutory scheme.[2] As a result, persons convicted of crimes for which the term of imprisonment is seemingly reduced have attempted to obtain sentencing under what they consider the more favorable S.B. 2 terms.

{¶ 6} The defendants claim that R.C. 1.58(B) mandates that criminal offenders awaiting sentencing when S.B. 2 became effective on July 1, 1996, and whose potential sentences are reduced by S.B. 2, are entitled to the shorter sentence although their offenses were committed before S.B. 2's effective date. The instant dispute arises because the General Assembly specifically stated that all defendants who committed crimes before July 1, 1996, shall be sentenced under the law in

---

2. The state contends that the provisions of S.B. 2 do not necessarily result in reduced sentences. While under the old sentencing scheme, a defendant might receive a longer term of incarceration, that longer term was often *indefinite* and could be reduced by "good time" credit. See, *e.g.*, former R.C. 2929.11 (143 Ohio Laws, Part I, 1433). See, also, former R.C. 2929.01(C) (145 Ohio Laws, Part II, 2088-2089) and 2967.19(A) (145 Ohio Laws, Part IV, 6437) (reduction for good behavior). Under the new provisions, although a defendant's sentence may be shorter than the maximum indefinite sentence under the former scheme, it is a period of *actual* incarceration not subject to reduction for "good time" and subject to extension for bad behavior. See, *e.g.*, R.C. 2929.14 (extension for bad behavior). See, also, R.C. 2929.01(B) and 2967.11(B), as enacted by S.B. 2; R.C. 2967.19, repealed by S.B. 2 (reduction for good behavior). Thus, the state persuasively asserts that these variables will in many instances make it difficult, if not impossible, to calculate whether a defendant's sentence would truly be reduced under the terms of S.B. 2.

existence at the time of the offense, "notwithstanding division (B) of section 1.58 of the Revised Code." Section 3, Am.Sub.S.B. No. 269, 146 Ohio Laws, Part IV, 11099, amending Section 5 of S.B. 2.

{¶ 7} The defendants in the cases at bar maintain that R.C. 1.58(B) confers a vested right to elect sentencing under the new, more lenient statute, and that the "notwithstanding" language is an attempt to circumvent that right.[3] That is, the defendants contend that the "notwithstanding" language is an attempted amendment of R.C. 1.58(B) that fails by virtue of its procedural shortcomings. Claiming that the General Assembly failed to comply with Ohio's constitutional requirements in an unsuccessful attempt to limit R.C. 1.58(B) by amendment, the defendants argue that R.C. 1.58(B) governs this sentencing controversy.

{¶ 8} Contrary to the defendants' assertion, R.C. 1.58(B) does not create a vested right to be sentenced according to amended laws: it is a general rule of statutory construction. R.C. 1.58(B) states:

"If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 9} Prior to its effective date, the General Assembly amended Section 5 of S.B. 2 to emphasize that its provisions apply only to crimes committed on or after July 1, 1996, "notwithstanding division (B) of section 1.58 of the Revised Code[.]" Section 3, Am.Sub.S.B. No. 269, 146 Ohio Laws Part VI, 11099 ("S.B. 269"). The defendants contend that this "notwithstanding" language is an unconstitutional attempt to amend R.C. 1.58(B) by frustrating its purpose. Because

---

3. Rush states that he and others like him should be able to elect which law they wish to be sentenced under. Were we to hold R.C. 1.58(B) applicable in this case, the defendants would not be entitled to an "election." R.C. 1.58(B) does not provide for a choice by the defendant. Rather, it states that the sentence "*shall* be imposed according to the statute as amended." (Emphasis added.) As a result, the trial court would be *required* to impose sentences in accordance with S.B. 2 should the S.B. 2 terms constitute a reduction.

the defective language must be removed from the statute, the defendants argue that R.C. 1.58(B) applies to S.B. 2 despite the General Assembly's articulation otherwise. See, *e.g., State ex rel. Hinkle v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 149, 580 N.E.2d 767, 770 (the "offending portion" of the bill is severed to cure the defect). See, also, Section 15(D), Article II, Ohio Constitution.

**{¶ 10}** The crux of this case, then, is whether the General Assembly's addition of the "notwithstanding" language effects an amendment of R.C. 1.58(B). It does not. Instead, it is a clarification of the General Assembly's intent that the terms of S.B. 2 be applied only to those persons committing crimes on or after July 1, 1996. Furthermore, it was in fact an unnecessary clarification.

**{¶ 11}** "It is axiomatic that the General Assembly is lodged with the power to define, classify and prescribe punishment for crimes committed within the state." *State v. Young* (1980), 62 Ohio St.2d 370, 392, 16 O.O.3d 416, 429, 406 N.E.2d 499, 512 (Locher, J., dissenting). See, also, *State v. Morris* (1978), 55 Ohio St.2d 101, 112, 9 O.O.3d 92, 98, 378 N.E.2d 708, 715. It is the General Assembly, of course, that possesses authority to determine the effective dates of enactments passed pursuant to its legislative powers. See, *e.g., State ex rel. Ach v. Evans* (1914), 90 Ohio St. 243, 247, 107 N.E. 537, 538; *State ex rel. Clark v. Brown* (1965), 1 Ohio St.2d 121, 125-126, 30 O.O.2d 478, 481, 205 N.E.2d 377, 381-382. In the instant case, the original language expressed the General Assembly's intent that the provisions of S.B. 2 be applied only to crimes committed on or after its effective date.[4] The "notwithstanding" language added by Section 3 of S.B. 269 is no more than a redundant expression of this aim.

---

4. In its original, unamended form, Section 5 of S.B. 2 read as follows:
"The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.

{¶ 12} The language at issue does not alter or modify R.C. 1.58(B). It eliminates uncertainty as to S.B. 2's effective date by distinctly resolving any perceived conflict between Section 5 of S.B. 2 and R.C. 1.58(B). The phrase "notwithstanding division (B) of section 1.58 of the Revised Code" communicates the General Assembly's proactive purpose by arresting R.C. 1.58(B)'s operation in this instance. The language defines the time, as chosen by the General Assembly, at which the new provisions of S.B. 2 are to be applied and prior to which they are of no effect. R.C. 1.58(B) remains operable and unchanged for future application.

{¶ 13} More important, however, this express statement by the General Assembly was unnecessary. R.C. 1.51 provides that if the conflict between a special provision and a general provision of the code is irreconcilable, the special provision "prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." See, also, R.C. 1.52 (if irreconcilable conflict exists, the later enacted statute prevails). In this case, the irrefutable "manifest intent" is that S.B. 2 prevail. Thus, the original language of Section 5 of S.B. 2, a later enacted specific provision, was sufficient to ensure that the sentencing terms of S.B. 2 would apply only to crimes committed on or after its effective date despite R.C. 1.58(B), a previously enacted general rule of construction. See, *e.g., Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 519, 634 N.E.2d 608, 610; *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 429-431, 627 N.E.2d 993, 996-997; *State v. Chippendale* (1990), 52 Ohio St.3d 118, 120-123, 556 N.E.2d 1134, 1136-1137. The "notwithstanding" language later added to S.B. 2 is a thorough,

---

"The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date." 146 Ohio Laws, Part VI, 7810.

yet superfluous, elucidation of the General Assembly's intent that the special provision control.[5]

{¶ 14} Based upon the foregoing, we hold that the phrase "notwithstanding division (B) of section 1.58 of the Revised Code," contained in Section 5 of S.B. 2 as amended by Section 3 of S.B. 269, cannot be construed as an attempt to amend R.C. 1.58(B). Because the General Assembly has expressly stated that the amended sentencing provisions of S.B. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of S.B. 2 apply only to those crimes committed on or after July 1, 1996.

*EX POST FACTO* AND RETROACTIVITY ANALYSIS

{¶ 15} Mitchell and Rush also argue that the prospective application of S.B. 2's sentencing provisions is a violation of the constitutional prohibitions against *ex post facto* and retroactive legislation. See Section 10, Article I, United States Constitution; Section 28, Article II, Ohio Constitution. Although not properly raised below, in criminal cases this court may "consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, syllabus. Because Mitchell and Rush now present, albeit in tardy fashion, a constitutional argument in a criminal case that if correct would indicate that plain error occurred, we will address the issue. That it is an argument without merit further supports consideration of the matter in the interest of judicial

---

5. Mitchell also contends that R.C. 2901.04(A), which states that criminal code sections defining offenses or penalties are to be construed strictly against the state and liberally in favor of the accused, requires us to hold R.C. 1.58(B) applicable. This codified rule of construction is pertinent where statutory language is ambiguous and requires further interpretation: it is inapposite here. See, *e.g., State v. Flontek* (1998), 82 Ohio St.3d 10, 693 N.E.2d 767; *Freedom Rd. Found. v. Ohio Dept. of Liquor Control* (1997), 80 Ohio St.3d 202, 205, 685 N.E.2d 522, 525, fn. 1; *State v. Quisenberry* (1994), 69 Ohio St.3d 556, 634 N.E.2d 1009. In this case, there is no ambiguity. To the contrary, we are faced with two unambiguous provisions that appear to be in direct conflict.

economy. See *State v. Campbell* (1994), 69 Ohio St.3d 38, 41, 630 N.E.2d 339, 345, fn. 2.

**{¶ 16}** Section 10, Article I of the United States Constitution forbids state legislatures from passing any "ex post facto Law." "[T]he Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' " *California Dept. of Corrections v. Morales* (1995), 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588, 594, quoting *Collins v. Youngblood* (1990), 497 U.S. 37, 41-43, 110 S.Ct. 2715, 2718-2719, 111 L.Ed.2d 30, 39. *Beazell v. Ohio* (1925), 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216, 217.

**{¶ 17}** Contrary to what Rush and Mitchell maintain, our *ex post facto* inquiry does not focus "on whether a legislative change produces some ambiguous sort of 'disadvantage[.]' " *Morales,* 514 U.S. at 506, 115 S.Ct. at 1602, 131 L.Ed.2d at 595, fn. 3. Legislation violates the *Ex Post Facto* Clause if it makes a previously innocent act criminal, *increases* the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed. *Collins* at 42, 110 S.Ct. at 2719, 111 L.Ed.2d at 39.

**{¶ 18}** Rush and Mitchell contend that by creating an exception to R.C. 1.58(B) and thereby making the terms of S.B. 2 *prospective* only, the General Assembly engaged in unconstitutional *retroactive* legislation. Bearing in mind the Supreme Court's clear explanation of what constitutes impermissible *ex post facto* lawmaking, however, the General Assembly's prescript that S.B. 2 apply only to crimes committed on or after its effective date evades the prohibition. See *State v. Smith* (1997), 80 Ohio St.3d 89, 101, 684 N.E.2d 668, 683; *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1054 (applying *ex post facto* analysis to judicial precedent).

**{¶ 19}** The General Assembly did not increase the relevant criminal penalties by making S.B. 2 a prospective law. The penalties applicable to Rush,

Mitchell, and Toler remain unchanged from the time each committed his crime. Accordingly, S.B. 2 does not, as Rush suggests, "inflict[ ] a greater punishment than the law annexed to the crime when committed."

{¶ 20} The argument that prospective application of S.B. 2 violates the prohibition against retroactive legislation found in Section 28, Article II of the Ohio Constitution is equally untenable. As with their *ex post facto* argument, Rush and Mitchell claim that because S.B. 2 expressly applies only to crimes committed on or after its effective date, it retroactively extinguishes their R.C. 1.58(B) right to reduced sentences.

{¶ 21} "[T]he issue of whether a statute may constitutionally be applied retrospectively does not arise unless the General Assembly has specified that the statute so apply." *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 673, 590 N.E.2d 1214, 1215, fn. 2, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 495. In this instance, the General Assembly has specified S.B. 2 to be a prospective law applicable only to those crimes committed on or after July 1, 1996. This choice of a bright-line, prospective-only operation is not constitutionally prohibited retroactive legislation that takes away a vested right or imposes a new disability. See *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 281-282, 525 N.E.2d 805, 807-808; *Van Fossen,* 36 Ohio St.3d at 106, 522 N.E.2d at 495. "[T]o adopt defendant[s'] position would be to freeze law in time and to never allow amendments to the criminal justice system." *State v. Smith,* 80 Ohio St.3d at 101, 684 N.E.2d at 682 (applying equal protection analysis to the constitutional amendment eliminating from the jurisdiction of the courts of appeals the review of capital appeals). Simply put, the legislation at issue falls outside the defined parameters of prohibited retroactive legislation.

{¶ 22} Accordingly, we hold that Section 5 of S.B. 2, as amended by Section 3 of S.B. 269, does not violate the constitutional prohibitions against *ex post facto* and retroactive legislation.

DISPOSITIONS

**{¶ 23}** In case No. 97-1778 (Johnnie D. Rush), the judgment of the Stark County Court of Appeals is reversed and the original sentence imposed by the trial court is reinstated. In case Nos. 97-2121 and 97-2123 (Brian K. Mitchell), the judgment of the Franklin County Court of Appeals is affirmed. In case No. 97-2266 (Nathaniel Toler), the judgment of the Hamilton County Court of Appeals is reversed and the original sentence imposed by the trial court is reinstated.

*Judgment accordingly.*

MOYER, C.J., and LUNDBERG STRATTON, J., concur.

F.E. SWEENEY, J., concurs in the syllabus and judgment.

DOUGLAS, RESNICK and PFEIFER, JJ., concur in judgment only.

_____