OPINION
Defendant-appellant Steven L. West "(appellant)", appeals from the judgment entered in the Coshocton County Court of Common Pleas denying appellant's motion for "re-sentencing" under the amended sentencing provisions of Am Sub. S.B. No. 2. Appellant assigns as error:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 TRIAL [SIC] COURT'S DENIAL TO SENTENCE APPELLANT ACCORDING TO SENATE BILL 2 IS IN VIOLATION OF R.C. 1.58(B) AND ARTICLE II, SECTION 15 OF THE OHIO CONSTITUTION.
SECOND ASSIGNMENT OF ERROR
 THE INEFFECTIVE ASSISTANCE OF TRAIL [SIC] COUNSEL DEPRIVED APPELLANT OF HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMEND [SIC] OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
On July 3, 1996, appellant was indicted by the Coshocton County Grand Jury on two counts of rape in violation of R.C. 2902.02(A)(2) and one count of abduction in violation of R.C.2905.02(A)(2). The indictment specifically alleged that the crimes for which appellant was charged occurred on or about June 24, 1996.
On December 16, 1996, appellant, pursuant to a negotiated plea agreement, pled guilty to the amended charge of felonious assault in violation of R.C. 2903.11. Appellant also entered a plea of guilt to the charge of abduction. A Nolle Prosequi was entered with regard to the charge of rape contained in the indictment.
On April 14, 1997, appellant was sentenced under the statutory schemes that existed at the time that appellant was alleged to have committed the crimes for which he was charged.
On September 18, 1997, appellant filed a motion for "re-sentencing" pursuant Am. Sub. S.B. No. 2. Appellant maintained that with the passage of Am. Sub. S.B. No. 2, the Ohio General Assembly effected significant changes in Ohio's Criminal Code and thereby reduced the terms of imprisonment for many offenses as compared to the former statutory scheme. Although appellant admits that the crimes for which he pled were committed prior to the effective date Am. Sub. S.B. No. 2 (July 1, 1996), he was not sentenced to those crimes until after the effective date of Am. Sub. S.B. No. 2. As such, appellant maintains that he should have been sentenced under Am. Sub. S.B. No. 2, which Bill became effective between the date of the alleged crimes and his sentence for same.
By judgment entered January 8, 1998, the Coshocton County Court of Common Pleas denied appellant's motion. It is from this judgment that appellant has filed a timely notice of appeal.
 I and II
Each of appellant's assignments of error are based upon his claim that he should have been sentenced under the provisions of Am. Sub. S.B. No. 2. For the reasons that follow, each of appellant's assignments of error are hereby overruled.
The Ohio Supreme Court recently held in State v. Rush (1998),83 Ohio St.3d 53, paragraph two of the syllabus, that: " [b]ecause the General Assembly expressly stated that the amended sentencing provisions of Am. Sub. No. 2 are applicable only to those crimes committed on or after the effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub. S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."
Accordingly, because the crimes to which appellant pled guilty were committed before July 1, 1996, the date on which Am. Sub. S.B. No. 2 became effective, those amended sentencing provisions do not apply.
Appellant's first and second assignments of error are hereby overruled.
For these reasons, the judgment entered in the Coshocton County Court of Common Pleas are hereby affirmed.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment entered in the Coshocton County Court of Common Pleas is hereby affirmed.