OPINION
Defendant-appellant, Sean Gandy ("appellant"), appeals from the judgment entered in the Coshocton County Court of Common Pleas denying appellant's motion to re-sentence him under the amended sentencing provisions of Am. Sub. S.B. No. 2. Appellant assigns as error:
 APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
On July 11, 1996, appellant was indicted by the Coshocton County Grand Jury for one count of aggravated trafficking in crack-cocaine, a violation of R.C. 2925.03(A)(1)(C)(1)(a), a felony of the second degree.
A bench trial was subsequently held wherein the court found appellant guilty of the crime charged. The judgment of conviction and sentence was entered against appellant on September 25, 1996. The evidence established the crime for which appellant was charged and convicted occurred on February 22, 1996.
On September 19, 1997, appellant filed a motion requesting the Coshocton County Court of Common Pleas re-sentence him under the provisions of Am. Sub. S.B. No. 2. Appellant maintained that with the passage of Am. Sub. S.B. No. 2, the Ohio General Assembly effected significant changes in Ohio's Criminal Code and thereby reduced the terms of imprisonment for many offenses as compared to the former statutory scheme. Although appellant admits the crime for which he was found guilty was committed prior to the effective date of Am. Sub. S.B. No. 2 (July 1, 1996), he was not sentenced for that crime until after the effective date of Am. Sub. S.B. No. 2. As such, appellant maintains that he should have been sentenced under Am. Sub. S.B. No. 2, which Bill became effective between the date he committed the crime charged and his sentence for same.
The Coshocton County Court of Common denied appellant's motion for re-sentencing. It is from this judgment that appellant has filed a timely notice of appeal.
 I
Appellant's sole assignment of error is based upon his claim that he should have been sentenced under the provisions of Am. Sub. S.B. No. 2. For the reasons that follow, appellant's sole assignment of error is hereby overruled.
The Ohio Supreme Court recently held in State v. Rush (1998),83 Ohio St.3d 53, paragraph two of the syllabus, that "[b]ecause the General Assembly has expressly stated that the amended sentencing provisions of Am. Sub. S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am. Sub. S.B. No. 2 apply only to those crimes committed on or after July 1, 1996 . . . ."
Accordingly, because the crime for which appellant was found guilty was committed before July 1, 1996, the date in which Am. Sub. S.B. No. 2 became effective, those amended sentencing provisions do not apply.
Appellant's sole assignment of error is hereby overruled.
For these reasons, the judgment entered in the Coshocton County Court of Common Pleas is hereby affirmed.
By Gwin, P.J., Farmer, J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment entered in the Coshocton County Court of Common Pleas is hereby affirmed.