[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant, Christopher R. Griffieth, was convicted of Robbery on his plea of no contest in 1995. He was sentenced to a term of incarceration of from five to fifteen years.
Griffieth filed a notice of appeal from his conviction. On review, we affirmed. However, on the basis of a subsequent App.R. 26(A) application we reversed Griffieth's conviction because the trial court had failed to advise him that he was eligible pursuant to R.C. 2951.04(A) to request conditional probation as a drug-dependent person. On remand, the trial court denied Griffieth's request and reimposed a sentence of incarceration. Griffieth now appeals, presenting a single assignment of error:
 THE APPELLANT WAS DEPRIVED OF DUE PROCESS DUE TO THE FACT THAT HE WAS NOT SENTENCED UNDER THE PRESENT LAW, WHICH IS SENATE BILL 2, AFTER HIS ORIGINAL SENTENCE WAS REVERSED BY THE APPELLATE COURT.
The terms of Am.Sub.S.B. 2, which became effective on July 1, 1996, do not apply to offenses that were committed prior to its effective date. State v. Rush (1998), 83 Ohio St.3d 53. Griffieth was convicted in 1995 for a crime that was alleged to have occurred that same year. Griffieth is ineligible for sentencing pursuant to the new law.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
YOUNG, P.J. and WOLFF, J., concur.
Copies mailed to:
David M. Henry, Esq.
Christopher R. Griffieth
Hon. Robert J. Lindeman