This is an appeal by defendant, El Rihein Holloway, from judgments of the Franklin County Court of Common Pleas, overruling defendant's motions to modify his criminal sentences. By entry of this court, the cases were sua sponte
consolidated for appeal.
On April 16, 1996, defendant was indicted in Common Pleas Case No. 96CR04-2276 on four counts of trafficking in marijuana, in violation of R.C. 2925.03, and seven counts of having a weapon while under disability, in violation of R.C.2923.13. The charges in the indictment were alleged to have occurred on January 19, 1996, January 23, 1996 and January 25, 1996.
On May 15, 1996, defendant was indicted in Common Pleas Case No. 96CR05-2896 on seven counts of trafficking in marijuana, with specifications. The indictment alleged that the offenses occurred on March, 13, 1996, March 14, 1996, March 18, 1996, March 20, 1996, March 22, 1996, March 26, 1996 and April 2, 1996.
On June 5, 1996, defendant was indicted in Common Pleas Case No. 96CR06-3285 on one count of trafficking in marijuana, with a specification. The offense was alleged to have occurred on May 10, 1996.
On August 19, 1996, defendant entered guilty pleas to various counts of the three indictments, and the court entered anolle prosequi as to the remaining counts. The trial court sentenced defendant in the cases by separate entries filed September 23, 1996.
On June 16, 1998, defendant filed motions "to advise and sentence according to new law in effect on July 1, 1996." By decision and entry filed June 29, 1998, the trial court denied defendant's motions. The court determined that, because defendant's offenses were committed prior to July 1, 1996, the provisions of Am.Sub.S.B. No. 2 ("S.B. 2") were inapplicable.
Defendant has appealed from the trial court's entry, and sets forth the following assignment of error for review:
 Whether Trial Court erred in sentencing Appellants indefinite sentence in violation of S.B. 269 Section 3, Revised Code 1.58(B) under State Law and Federal Law of Truth-In Sentencing.
Under his single assignment of error, defendant's basic contention is that the trial court erred in failing to resentence him pursuant to S.B. 2.
S.B. 2 became effective on July 1, 1996. As noted under the facts, defendant committed the offenses at issue prior to the effective date of S.B. 2, but he was sentenced after July 1, 1996.
The argument that a criminal defendant has a right to be resentenced pursuant to S.B. 2, even though the offenses were committed prior to July 1, 1996, has been expressly rejected by the Ohio Supreme Court in State v. Rush (1998), 83 Ohio St.3d 53. Defendant's brief acknowledges the Supreme Court's holding in Rush, but defendant appears to contend that the Supreme Court's decision was in error. Appellate courts, however, are bound by the decisions of the Ohio Supreme Court. Carswell v.Toledo Edison Co. (1988), 53 Ohio App.3d 82, 84. See, also, Inre Everidge (April 21, 1998), Ross App. No. 97CA2314, unreported ("The syllabus of an opinion issued by the Supreme Court of Ohio states the law of the case, and all lower courts in this state are bound to adhere to the principles which it sets forth").
In the present case, the trial court properly concluded that, because defendant's offenses were committed prior to July 1, 1996, the provisions of S.B. 2 were inapplicable to his convictions. Defendant's assignment of error is without merit and is overruled.
Based upon the foregoing, having overruled defendant's single assignment of error, the judgments of the trial court are hereby affirmed.
Judgments affirmed.
BOWMAN and KENNEDY, JJ., concur.