Defendant Russell Balas has appealed from a judgment of the Lorain County Common Pleas Court that imposed upon him a sentence pursuant to the law that existed prior to July 1, 1996. This Court affirms.
 I.
On July 16, 1997, defendant was indicted by the Lorain County Grand Jury for the following offenses:
 1. Two counts of aggravated trafficking in drugs, in violation of [Section 2925.03(A)(5) of the Ohio Revised Code], felonies of the second degree, occurring May 13, 1996 and June 12, 1996;
 2. One Count of aggravated trafficking in drugs, in violation of [Section 2925.03(A)(7) of the Ohio Revised Code], a felony of the second degree, occurring June 28, 1996;
 3. Three counts of permitting drug abuse, in violation of [Section 2925.13(A) of the Ohio Revised Code], misdemeanors of the first degree, occurring May 13, 1996, June 12, 1996, and June 28, 1996; and
 4. One count of possession of drug abuse paraphernalia, in violation of [Section 2925.14(C)(1) of the Ohio Revised Code], a misdemeanor of the fourth degree, occurring June 12, 1996.
On December 18, 1997, defendant pled guilty to the indictment and moved the trial court to sentence him under Am.Sub.S.B. No. 2 ("Senate Bill 2") because he was sentenced after July 1, 1996, the effective date of Senate Bill 2. On March 6, 1998, the trial court denied his motion and sentenced defendant under the law that existed prior to July 1, 1996. Defendant timely appealed to this Court asserting two assignments of error.
II.
A.
 A defendant who committed a criminal act before July 1, 1996, but sentenced after the effective date of the new sentencing laws should have the right to be sentenced under the new law. Such a denial would violate a defendant's rights under Article I, Section 2 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
In his first assignment of error, defendant has relied onState v. Toler (Sept. 19, 1997), Hamilton App. No. C-960835, unreported, 1997 Ohio App. LEXIS 4179. In Toler, the First District Court of Appeals determined that the terms of Senate Bill 2 applied to defendants awaiting sentence as of July 1, 1996. The Ohio Supreme Court has, however, reversed the holding in Toler.State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. The Court held that "[t]he amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996." Id. The offenses for which defendant was convicted occurred prior to July 1, 1996; therefore, defendant was not entitled to be sentenced under Senate Bill 2. Accordingly, his first assignment of error is overruled.
B.
 A defendant who committed a criminal act before July 1, 1996, but sentenced after the effective date of the sentencing laws should have the right to be sentenced under the new law. Such a denial would violate a defendant's rights under Article I, Section 9 of the Ohio Constitution and the Eighth Amendment to the United States Constitution.
In his second assignment of error, defendant has argued that his sentence violates the constitutional prohibition against cruel and unusual punishment because the sentence was more severe than it would have been if he had been sentenced under the new guidelines. His argument is without merit. Under Ohio law, "a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." State v. Neuch (Sept. 29, 1998), Columbiana App. No. 97CO14, unreported, 1998 Ohio App. LEXIS 4574, *8, citing McDougle v. Maxwell (1964), 1 Ohio St.2d 68,69. Further, the legislature's amendment of a criminal statute reducing the punishment does not render a more severe sentence, imposed under the prior statute, cruel and unusual.Neuch, supra, at *8. Accordingly, defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT
BAIRD, P. J.
BATCHELDER, J.
CONCUR