OPINION
In 1992, appellant Richard Paul Goebel, Jr. was indicted by the Stark County Grand Jury with one count of Felonious Assault and one count of Kidnaping, each with an attendant firearm specification. Appellant entered a plea of guilty to the charges and specifications. The trial court accepted the pleas, convicted him as charged, and sentenced him to an indeterminate term of incarceration of six to fifteen years for Felonious Assault, and an indeterminate term of six to twenty-five years for Kidnaping, to be served concurrently. The court imposed a three-year term of actual incarceration for each firearm specification, which were merged for purposes of sentencing. Appellant did not file a direct appeal from the judgment of conviction and sentence. In 1996, he attempted to file a delayed appeal from a denial of his motion for super shock probation, which was overruled by this court. In 1996, appellant filed a Petition for Post-conviction Relief seeking to have his sentences vacated, and to be re-sentenced pursuant to the sentencing provisions of Senate Bill 2. The court dismissed this petition without a hearing, and appellant failed to appeal. On March 25, 1997, appellant filed a motion to mitigate sentence, again seeking to be re-sentenced under Senate Bill 2. The court summarily dismissed this petition. Appellant appealed the dismissal to this court. Appellant's brief fails to set forth an Assignment of Error. However, from appellant's brief we extrapolate the following Assignment of Error:
 ASSIGNMENT OF ERROR:
THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION RELIEF MOTION ON THE GROUND THAT THE SENTENCING PROVISION OF SENATE BILL 2 IS NOT RETROACTIVE.
Appellant argues that R.C. 1.58(B) applies to his case, causing Senate Bill 2 to retroactively apply to his case. The Ohio Supreme Court has held that because the General Assembly expressly stated that the amended sentencing provisions of Senate Bill 2 apply only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. Therefore, Senate Bill 2 does not apply retroactively to appellant's sentences, which were imposed in 1992, well before the effective date of the statute. The Ohio Supreme Court also rejected the argument that Senate Bills 2 and 269 had improperly amended R.C. 1.58(B) to preclude the statutes application to convicted criminal defendants, such as appellant, who committed their crimes prior to the effective date of the statute. Id. at paragraph one of the syllabus. Further, the court found that Senate Bill 2, as amended by Senate Bill 269, does not violate the constitutional prohibitions against ex post facto and retroactive legislation. Id. at paragraph three of the syllabus. The court did not err in dismissing appellant's motion to be re-sentenced, as the provisions were not retroactive pursuant to R.C. 1.58(B) and, therefore, did not apply to appellant. The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, V.J. Gwin, P. J. and Farmer, J. concur.