OPINION
This appeal arises from a Mahoning County Court of Common Pleas judgment which denied Appellant, Napoleon Crum's motion for post conviction relief. For the reasons stated herein, we hereby affirm the judgment of the trial court.
On January 7, 1994, Appellant was indicted on three counts of felonious assault on a peace officer and one count of having weapons under disability. The offenses occurred on December 2, 1993. On October 5, 1994, Appellant pled guilty to the charges in the indictment. On October 7, 1994, the trial court sentenced Appellant to concurrent indefinite terms of five to twenty-five years and three to five years.
On September 3, 1996, Appellant filed a petition for post conviction relief requesting that his sentence be vacated or modified. The sole basis for his motion was the enactment of Am.Sub.S.B. No. 2, the provisions of which took effect on July 1, 1996. Appellant contended that the new sentencing guidelines mandated by Am.Sub. S.B. No. 2 voided or made voidable his sentence imposed under statute in force at the time of his sentencing. On October 18, 1996, the trial court denied Appellant's petition. On November 7, 1996, Appellant filed a notice of appeal.
Appellant sets forth no distinct assignment of error but clearly asks this Court to decide whether the trial court erred in denying him an evidentiary hearing on his petition for post conviction relief pursuant to R.C. § 2953.21.
R.C. § 2953.21 (E) provides in relevant part:
 "(E) Unless the petition [for post conviction relief] and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *"
The Ohio Supreme Court has determined that the sentencing provisions of Am.Sub. S.B. No. 2 apply only to crimes committed on or after its effective date of July 1, 1996 and is not to be applied retroactively. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. According to his indictment, the offenses to which Appellant pled guilty occurred on December 2, 1993. As his sole argument is the applicability of Am.Sub. S.B. No. 2, Appellant has no basis for relief.
We find from the above that the trial court properly denied Appellant's petition and hereby affirm the judgment of the trial court.
Donofrio, J., Vukovich, J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE