OPINION
This timely appeal arises from the trial court's denial of Appellant's motion to vacate sentence following his guilty plea to two counts of aggravated robbery. Appellant, James A. Hudson, contends that since he was sentenced after July 1, 1996, the effective date of Senate Bill 2 ("S.B. 2"), the trial court erred by refusing to sentence him according to S.B. 2 which would have resulted in a lesser sentence. For all of the following reasons, this Court affirms the judgment of the trial court.
On July 30, 1996, Appellant entered a plea of guilty to two counts of aggravated robbery as charged in an indictment filed on October 16, 1994. At the hearing where Appellant entered his plea, the trial court sentenced Appellant to an indefinite term of incarceration of five to twenty-five years. No direct appeal was filed. On January 1, 1998, Appellant filed a motion to vacate sentence which the trial court denied on January 6, 1998.
On March 17, 1998, Appellant appealed to this Court and the matter was assigned appellate case number 98 CA 57. This Court, by way of a Journal Entry dated August 3, 1998, determined that since there was no indication Appellant had received notice of the trial court's denial of his motion, Appellant's appeal was timely. However, this Court limited the issue on appeal to the trial court's January 6, 1998, ruling.
Appellant was appointed legal counsel to assist in the prosecution of the appeal. On December 12, 1998, however, Appellant re-filed the present appeal under appellate case number 98 CA 249 and proceeded pro se. Subsequent to the filing of Appellant's pro se brief and Appellee, State of Ohio's, brief in response, Appellant's appointed counsel filed a brief on behalf of Appellant. Appellee elected to stand on the brief it had previously submitted to this Court.
Appellant's pro se brief asserts the following sole assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO SENTENCE THE APPELLANT PURSUANT TO SENATE BILL 2 (THE NEW LAW)."
In addition, Appellant's brief filed by his appointed counsel asserts the following two assignments of error:
 "SENATE BILL 2 AND ITS PROGENY (SECTION 3, AM.SUB. S.B. NO. 269, 146 OHIO LAWS, PART IV, 11099, AMENDING SECTION 5 OF S.B.2) ARE UNCONSTITUTIONAL IN THAT THEY ARE EX POST FACTO LAWS."
 "STATE v. RUSH (1998), 83 Ohio St.3d 53 DOES NOT GOVERN THE INSTANT CASE."
As all three assignments of error are based on allegations that Appellant should have been sentenced pursuant to the terms of S.B. 2, rather than according to the sentencing guidelines in effect at the time Appellant committed the offense, they shall be addressed together. To avoid confusion, this Court shall address the arguments as if Appellant himself were asserting them.
Notwithstanding Appellant's argument to the contrary, Statev. Rush (1998), 83 Ohio St.3d 53 is the governing law applicable to the issues presented in the instant appeal. In Rush, the Ohio Supreme Court held that the:
 "Amended sentencing provisions of [S.B. 2] apply only to these crimes committed on or after July 1, 1996 * * *. [S.B. 2] does not violate constitutional prohibitions against ex post facto and retroactive legislation."
Id. at syllabus.
As such, each of the issues raised in Appellant's assignments of error have been specifically ruled on by the Ohio Supreme Court adverse to the positions advanced by Appellant. It is undisputed that Appellant committed the offense prior to July 1, 1996. Therefore, the sentencing provisions codified in S.B. 2 do not apply to Appellant and the trial court properly sentenced Appellant according to the sentencing guidelines in effect at the time the crime was committed.
In a final attempt to take advantage of the sentencing criteria of S.B. 2, Appellant argues that the ruling in Rush,supra, was merely a judicial means to circumvent the constitutional prohibitions against legislative retroactivity. Consistent with this argument, Appellant invites this Court to declare Rush an unconstitutional judicial pronouncement. This we are unable and, indeed, unwilling to do. This Court is absolutely bound by the rulings of the Ohio Supreme Court and it is not within an appellate court's purview to reverse the decision of our state's highest court.
For all of the foregoing reasons, Appellant's assignments of error are overruled and the judgment of the Mahoning County Court of Common Pleas is hereby affirmed.
Cox, P.J., Donofrio, J., concurs.
APPROVED:
 _____________________________ CHERYL L. WAITE, JUDGE