OPINION
Defendant-appellant, Dale G. Becker, appeals the denial of his motion for judicial release filed pursuant to R.C. 2929.20. In 1991, appellant pled guilty to gross sexual imposition and sexual battery and was sentenced of record. On March 26, 1996, the trial court vacated its original sentence on the gross sexual imposition charge and resentenced appellant. Subsequently, appellant moved for judicial release pursuant to R.C. 2929.20 as amended by sentencing reform legislation effective July 1, 1996. The trial court denied appellant's motion upon a determination that the sentencing reforms did not apply to appellant's case.
On appeal, appellant challenges the trial court's finding that he was ineligible for judicial release in a "statement of issues presented" that we will construe as an assignment of error. The issue before the court is whether R.C. 2929.20 and the sentencing reform provisions effective July 1, 1996 apply to individuals sentenced for offenses occurring prior to the legislation's effective date.
The Ohio Supreme Court has already determined in a general sense that the sentencing reform provisions do not apply to individuals who committed crimes before the July 1, 1996 effective date of that legislation. See State v. Rush (1998), 83 Ohio St.3d 53, certiorari denied (1999), 525 U.S. 1151, 119 S.Ct. 1052. Furthermore, this court has already specifically held that the provisions of R.C. 2929.20 are inapplicable to individuals who are sentenced for crimes committed before July 1, 1996. State v. Rogers (Feb. 28, 2000), Preble App. No. CA99-04-009, unreported. See, also, State v. Young (Feb. 5, 1999), Greene App. No. 98 CA 68, unreported; State v. Goff (Oct. 2, 1998), Greene App. No. 97 CA 131, unreported.
Appellant's crime was committed prior to July 1, 1996. The provisions of sentencing reform do not apply to him. We accordingly conclude that the trial court did not err in holding that appellant was ineligible for judicial release under R.C. 2929.20. The assignment of error is overruled and the decision of the trial court is affirmed.
POWELL, P.J., and WALSH, J., concur.