JOURNAL ENTRY AND OPINION
Defendant-appellant Jerry Brown appeals from his convictions on ten counts of raping his cousin, a young girl.
On March 25, 1999, defendant was indicted on twenty charges: five counts of forcible rape, five counts of rape without the element of force, five counts of gross sexual imposition, and five counts of kidnapping. The rape and kidnapping counts had sexually violent predator specifications. The kidnapping charges also had sexual motivation specifications. All the offenses were alleged to have occurred over a two-year period from 1994 to 1995, before the legislature changed sentencing for the offenses.
The matter proceeded to a bench trial. The prosecution presented testimony from eight witnesses, and defendant testified on his own behalf. The victim, then age sixteen, testified in detail about sexual activity that occurred while she lived in her grandmother's house when she was in fifth and sixth grade. She described anal and vaginal rapes and stated it occurred many, many, many times, a lot of times, and a whole lot. She stated [s]ometimes he would sometimes it was more than once a day. Sometimes it was more than that. It was felt like felt like it was so many, many times. She reiterated her testimony: it happened so many times to where I can't even remember. A lot of times it happened a lot.
Defendant often used hair grease as a lubricant: as a result the girl becomes ill even now any time that she smells the scent of it. She testified that defendant even raped her one time at gunpoint in an open field outside the house. He often held her down during these incidents and threatened to harm her or her grandmother as a means of controlling her.
When the victim's sister observed defendant engaging in these acts one time, defendant offered her money not to tell her grandmother. Defendant was kicked out of the house, but later returned. The rapes did not stop until defendant was incarcerated for drug trafficking in 1995. After defendant was released from prison in 1998, he had a talk with the victim's sister Felicia. She testified that defendant told her that it happened only once.
Defendant denied the victim's version of events. He stated that his grandfather kicked him out of the house in 1988 or 1989. After 1992, he lived with his girlfriend. Although he admitted visiting his grandmother's house, he denied having sexual activity with the victim. He admitted talking with Felicia about the claims of sexual abuse, but denied telling her that it happened only once. Defendant maintained that whatever occurred, however, happened in 1988, when he was a juvenile. He admitted providing the police with false information.
The trial court found defendant guilty of the five counts of forcible rape and five counts of rape without force, but acquitted him of the remaining charges. The court's journal entry found defendant guilty of rape and the sexually violent predator specifications on the first ten counts. Following the sentencing hearing, the trial court sentenced defendant to five concurrent life sentences on the forcible rape counts, and concurrent ten- to twenty-five-year sentences on the five remaining counts for rape without force. The ten- to twenty-five-year sentence was ordered to be served consecutive to the life sentences on the first five counts. Defendant, through newly appointed appellate counsel, appeals raising four assignments of error.
We begin with defendant's second assignment of error, which follows:
 THE TRIAL COURT ERRED AND DENIED JERRY BROWN OF [SIC] DUE PROCESS OF LAW WHEN IT CONVICTED [SIC] OF THE VIOLENT SEXUAL PREDATOR SPECIFICATION, AS SAID SPECIFICATION DID NOT EXIST AT THE TIME THE ALLEGED CRIMES OCCURRED.
This assignment is well taken.
Defendant argues the trial court improperly found that he was a violent sexual predator. He argues that this specification, set forth in R.C.2941.148, was not effective until January 1, 1997, more than one complete year after the conduct in the case at bar. He argues that he could not be found to have committed a specification that did not exist at the time of his conduct. Under the circumstances, we agree.
The prosecution contends that the trial court did not find the specification to be proven. The record shows that the trial court did not announce at the time of its verdict that defendant was a violent sexual predator. However, contrary to the prosecution's argument, the trial court entered two subsequent journal entries finding defendant to be a violent sexual predator. It is well established that trial courts speak only through their journal entries.
The violent sexual predator specification is charged in an indictment for the purpose of enhancing the punishment for an offender convicted of the specification. An offender convicted of a sexual predator specification under R.C. 2941.148 is sentenced under R.C. Chapter 2971, rather than the general felony sentencing statutes, currently set forth in R.C. 2929.11 through 2929.19. Under R.C. 2950.09, the registration and notification requirements which result from standard sexual predator determinations have been held remedial and non-punitive. State v. Cook (1998), 83 Ohio St.3d 404 . The purpose of the violent sexual predator specification, on the other hand, is to enhance the punishment for the substantive offense.
The record in the case at bar reveals that the trial court properly sentenced defendant under the law as it existed at the time of his offense. See State v. Rush (1998), 83 Ohio St.3d 53. His convictions for forcible rape against the child carried a life sentence, which the trial court imposed. The trial court also imposed correct sentences for the remaining offenses. The trial court's finding that defendant was a violent sexual predator,[1] however, was in error. We, therefore, vacate that finding even though defendant has not shown what effect it has on his sentence. Because we vacate this finding, we conclude defendant's first assignment of error challenging the sufficiency of the evidence to support the specification is moot and we decline to address it under App.R. 12(A)(1)(c).[2]
Accordingly, defendant's second assignment of error is sustained.
Defendant argues that the prosecution failed to present sufficient evidence that he committed ten rapes. He argues the only basis for the ten convictions is the number of indictments filed against him.
When the evidence is viewed in the light most favorable to the prosecution, however, we conclude there was sufficient evidence for the trial court to find beyond a reasonable doubt that defendant committed at least the ten rapes with which he was charged. As noted above, the victim testified that defendant raped her on almost a daily basis, and often more than once a day, every day over a period of almost two years. While the victim lost count of the number of instances, the trial court could properly conclude that defendant committed more than ten rapes over the period.
This case is distinguishable from those in which a victim has difficulty remembering how many instances occurred during a single episode of rape. Here, the evidence showed that defendant committed literally hundreds of offenses, but was charged with a fraction of the offenses that the victim testified he committed.
Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error follows:
 JERRY BROWN'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
This assignment lacks merit.
Defendant argues the victim's testimony was not credible. He argues that she hallucinated, abused alcohol and drugs, and originally denied that he committed these offenses. However, after reviewing the record, we find that defendant failed to show the trial court committed a manifest miscarriage of justice when it resolved the conflicts in the evidence.
Although defendant and the victim were the only parties present during much of the conduct, certain details of the victim's testimony were corroborated by others. For example, defendant offered the victim's sister a bribe not to tell anyone what she saw when she happened to observe defendant on top of the victim in her bedroom during one incident. Moreover, another sister testified that defendant admitted to her that he had sexual activity with the victim on one occasion.
The record shows that the victim's mental health deteriorated because of sexual abuse by defendant. Thus, rather than impeaching her testimony, her mental condition completely supports her testimony. We note also that the trial court specifically found during sentencing that the victim provided credible testimony during the case. The trial court had a superior opportunity to observe the witness when evaluating her credibility and the weight to be given her testimony. We have no basis to disagree with the trial court's findings.
Accordingly, defendant's fourth assignment of error is overruled.
Judgment modified, by vacating the violent sexual predator determination, and affirmed as modified.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed as modified, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________ KARPINSKI, P.J.:
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.
[1] Nothing in this opinion precludes the trial court from conducting a sexual predator hearing under R.C. 2950.
[2] Defendant's first assignment of error follows:
 THE TRIAL COURT ERRED WHEN IT FOUND JERRY BROWN GUILTY OF THE VIOLENT SEXUAL PREDATOR SPECIFICATION, AS THE SPECIFICATION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE HIS GUILT AS A VIOLENT SEXUAL PREDATOR.
Defendant's third assignment of error follows:
 JERRY BROWN WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION ON TEN RAPE COUNTS, WHICH WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.
This assignment lacks merit.