OPINION
On November 1, 1996, appellant Matthew L. Vaca entered a plea of guilty and was convicted of fifteen counts of forgery, in violation of R.C.2913.31(A)(3), each count a felony of the fourth degree. On February 7, 1997, appellant was sentenced to one year incarceration in an appropriate state penal institution on each count. The sentences on counts one through five were to run consecutively, and the sentences on counts six through fifteen were to run concurrently. The court suspended imposition of sentence, and placed appellant on probation for a period of five years. One of the terms and conditions of appellant's probation was to complete the program at the Stark Regional Community Corrections Center (SRCCC).
On May 25, 2000, the State moved to revoke appellant's probation. The motion alleged that appellant had violated the terms and conditions of his probation by failing to keep his probation officer apprised of his activities and whereabouts, and committed a felony offense while on probation, specifically aggravated murder, attempted murder, kidnaping, and attempted rape. Appellant entered an admission to all of the allegations contained in the motion to revoke probation. The court revoked appellant's probation, and re-sentenced him to a term of one and one-half years on each of the fifteen counts of the indictment, to run consecutively with each other, and consecutively to any sentence imposed by any other court.
Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSES OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY INCREASING MR. VACA'S SENTENCE AFTER HE HAD ALREADY UNDERTAKEN TO SERVE IT.
Appellant argues that the judgment of sentence on probation revocation violates double jeopardy, as it increases his sentence after he had undertaken to serve it. Appellant argues that he had served a portion of the original sentence at the Stark Regional Community Correction Center.
Appellant was sentenced pursuant to the law existing prior to the enactment of Senate Bill 2, as the crime was committed before July 1, 1996. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus, cert. denied (1999), 525 U.S. 1151.
The cases cited by appellant in support of his proposition that the SRCCC facility is incarceration, as a person is entitled to credit for time served and may be charged for escape for leaving such facility, arise after the passage of Senate Bill 2. Under the law existing at the time appellant was sentenced, the court did not have authority to sentence appellant to a community control facility for conviction of a felony of the fourth degree. Rather, R.C. 2929.221(B), as it existed at the time appellant was sentenced, allowed sentencing only to a county, multi-county, or municipal jail under certain circumstances, or to an institution under the control of the Department of Rehabilitation and Correction. The amendment of R.C. 2929.221(B), effective after appellant was sentenced, allowed sentencing to a community control facility as defined in R.C. 2929.13. Because at the time appellant was sentenced he could not have been sentenced directly to the community control facility, he did not undertake to serve his sentence by reporting to the community control facility as a condition of probation.
The assignment of error is overruled.
The judgment of the Tuscarawas County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Common Pleas Court is affirmed. Costs to appellant.
Gwin, J.
Edwards, P.J., and Wise, J., concur.