OPINION
{¶ 1} Defendant-appellant Kenneth Kelly appeals from the August 12, 2002, Judgment Entry of the Muskingum County Court of Common Pleas denying appellant's July 30, 2002, Motion for Judicial Release.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 6, 1994, appellant pled guilty to one count of felonious assault in violation of R.C. 2903.11, an aggravated felony of the second degree. On November 30, 1994, appellant was sentenced to an indeterminate sentence of three (3) to fifteen (15) years.
 {¶ 3} Thereafter, on March 8, 2002, appellant filed a Motion for Judicial Release pursuant to R.C. 2929.20. Appellee filed a memorandum in opposition to the same on March 22, 2002. Pursuant to a Judgment Entry filed on March 27, 2002, the trial court denied appellant's motion, holding that appellant was not entitled to the relief requested.
 {¶ 4} After appellant, on July 30, 2002, filed a Motion for Judicial Release pursuant to R.C. 2947.061 and/or 2929.20, appellee filed a memorandum in opposition to the same on August 5, 2002. Via a Judgment Entry filed on August 12, 2002, the trial court denied appellant's motion, holding as follows:
 {¶ 5} "Ohio Revised Code Section 2947.061 was [sic][1] appealed by the Ohio Legislature by way of Senate Bill 2 effective July 1, 1996. As a result thereof, defendants sentenced prior to July 1, 1996 are no longer entitled to relief under this statute.
 {¶ 6} "Defendant is also not entitled to relief from judgment pursuant to Ohio Revised Code Section 2929.20, entitled "Judicial Release". This section, enacted as a part of Senate Bill 2, and effective after July 1, 1996 is intended to provide relief from judgment only for those sentenced to prison after July 1, 1996 pursuant to the latest sentencing guidelines. In fact, in Senate Bill 269, effective September 16, 1997, the legislature specifically stated that Senate Bill 2 was not to be applied retroactively. However, this matter has also been decided in the court system. In State v. Dunn 1999 WL 34700 (Ohio App.5th Dist.) the Fifth District Court of Appeals ruled that a defendant who was sentenced prior to July 1, 1997, was not entitled to relief under Revised Code Section 2929.20."
 {¶ 7} It is from the trial court's August 12, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 8} "The trial court erred in finding that the appellant was not eligible to be considered for any type of early release, Albeit judicial release or "super shock", pursuant to O.R.C. 2947.061 and/or 2929.20."
 {¶ 9} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal.
 {¶ 10} The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form. This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 11} Appellant, in his sole assignment of error, argues that the trial court erred in holding that appellant was not eligible for any type of early release under R.C. 2947.061 or 2929.20. We disagree.
 {¶ 12} As noted by this Court in State v. Dunn (Jan. 19, 1999), Stark App. No. 1998CA00151, R.C. 2929.20, which was enacted as part of S.B. No. 2, did not become effective until July 1, 1996. In State v.Rush, 83 Ohio St.3d 53, 1998-Ohio-423, 697 N.E.2d 634, the Ohio Supreme Court determined that S.B. No. 2 was not retroactive[2] and that its nonretroactive application was constitutional. Thus, since appellant was sentenced after July 1, 1996, the effective date of R.C. 2929.20, we find that he was not entitled to early release under such section. See Dunn, supra. and State v. Romine (Oct. 23, 2001), Muskingum App. No. CT2001-0047.
 {¶ 13} We further find that appellant is not eligible for judicial release pursuant to R.C. 2947.061. This statute was repealed by the Ohio Legislature in Senate Bill 2, effective July 1, 1996, and the relief contained in R.C. 2947.061 is no longer available. See Romine, supra.
 {¶ 14} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 15} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
By Edwards, J., Gwin, P.J. and Wise, J. concur.
In Re: Motion for Judicial Release.
[1] It is clear that the trial court meant to say "repealed."
[2] As noted in Dunn, supra., at fn. 1, "[I]n S.B. No. 269, effective September 16, 1997, the legislature specifically stated S.B. No. 2 was not to be applied retroactively."