William E. Harris appeals from separate judgments of the common pleas court entered pursuant to his pleas of guilty to the crime of attempted sale of cocaine with a violence specification in case number 337768; possession of cocaine with a prior drug abuse conviction in case number 339621; assault on a police officer in case number 344577; and possession of crack cocaine with a firearm specification and two counts of assault on a peace officer in case number 345288. He alleges the court erred in accepting these pleas. After a careful review of the facts of this case and consideration of the assignments of error presented by Harris, we believe the trial court did not err in accepting these pleas and therefore, we affirm the judgments of conviction.
The record in this case reveals that on June 17, 1997, Harris appeared before the common pleas court on seven separate cases involving sixteen charges. The court discussed the possible sentences for each charge and, after conferring with the prosecutor, Harris' counsel informed the court that the state would agree to a sentence of three to five years on each case and would nolle the remaining charges. The following day, Harris pled guilty to the amended indictment, and the court ordered a presentence report.
On July 11, 1997, the court held a sentencing hearing and imposed sentences of three to five years concurrently on each charge. The court further found him to be a probation violator, and sentenced him as a probation violator to a two-year sentence consecutive to the three-to-five-year sentences, but suspended it and continued Harris on probation on that charge.
Harris now appeals, contending the court erred in accepting his guilty pleas and raises five assignments of error for our consideration. The first states:
 I. THE COURT ERRED IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL AND CRIM.R. 11 RIGHTS BY FAILING TO DETERMINE WHETHER HE HAD MADE A RATIONAL CALCULATION THAT IT WAS IN HIS BEST INTEREST TO ACCEPT THE PLEA BARGAIN.
Citing North Carolina v. Alford (1970), 400 U.S. 25, Harris contends the court erred in accepting his pleas because it failed to determine if he made a rational calculation as to his own best interest in entering his pleas. The state maintains that the court had no duty to inquire as to whether Harris considered his best interest before entering the pleas. The issue before us, then, is whether the court erred in accepting Harris guilty pleas.
We recognize North Carolina v. Alford concerns a plea of no contest, in contrast to a guilty plea. We further recognize that in this case, Harris pled guilty to the crimes of attempted sale of cocaine with a violence specification, possession of cocaine with specifications, and three counts of assault; and that the state agreed to a sentence of three to five years on each count and further agreed to nolle the remaining charges. The trial court in this case had no Crim.R. 11 obligation to determine Harris' best interests. Accordingly, this assignment of error is without merit and is overruled.
Harris second assignment of error states as follows:
 II. THE TRIAL COURT ERRED IN OVER ZEALOUSLY PARTICIPATING IN THE PLEA NEGOTIATIONS IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.
Here Harris contends he pled guilty based upon his belief he would not receive a fair trial and that the trial court held a bias against him. The state maintains the court did not err in this manner. The issue before us, then, is whether the court manifested bias against Harris, such as to render his guilty pleas involuntary.
In this case, the record reflects the court informed Harris regarding his opportunity to go to trial, repeatedly gave him the opportunity to ask questions, asked him if he understood the proceedings, and gave him a day to think about it before asking Harris to enter his plea. Because the record reflects no bias or coercion on the part of the trial court, we cannot find it erred in accepting the pleas on this basis. Accordingly, this assignment of error is without merit and is overruled.
Harris' third assignment of error alleges:
 III. THE COURT ERRED BY FAILING TO INFORM DEFENDANT OF HIS RIGHT TO REQUEST CONDITIONAL PROBATION.
Harris contends the court erred in accepting his guilty pleas without informing him of the right to request conditional probation. The state maintains that because Harris did not qualify for conditional probation, the court had no duty to inform him before accepting his pleas. The issue before us, then, is whether the court erred in accepting Harris' guilty pleas without informing him of the right to request conditional probation.
We note at the outset that R.C. 2951.041(A) provides for conditional probation in certain cases, and our court has upheld these provisions in appropriate cases. See e.g. State v. Gadd
(1990), 66 Ohio App.3d 278. Further, Harris concedes in his brief that a court's failure to inform a defendant of his right to request probation is harmless if in fact the defendant is not eligible for conditional probation.
R.C. 2951.041(B) provides in part:
 The offender is eligible for treatment in lieu of conviction if the court finds that:
* * *
 (4) The offender is not a repeat offender or dangerous offender as defined in section 2929.01 of the Revised Code * * *
Our review of the record in this case reveals that the court found Harris to be a repeat offender for committing the instant offenses while on probation. Hence, the court knew Harris did not qualify for treatment in lieu of conviction. Thus, the court committed harmless error in failing to inform Harris of his right to request conditional probation. Accordingly, this assignment of error is without merit and is therefore overruled.
 IV. THE COURT ERRED BY FAILING TO INFORM DEFENDANT HE WAS INELIGIBLE FOR PROBATION THUS DESTROYING HIS ABILITY TO MAKE A VOLUNTARY, KNOWING AND INTELLIGENT CHOICE IN VIOLATION OF CRIM.R. 11.
Harris argues the court erred in accepting his plea without advising him of the non-probationable nature of his offenses. The state maintains the court advised Harris he would receive incarceration for the charges, thus, the court did not err in accepting Harris' guilty pleas. The issue before us then becomes whether the court erred by accepting Harris' guilty pleas without informing him of the non-probationable status of the offenses.
Our review of the transcript in this case reveals that throughout the proceedings, the court informed Harris he would not receive probation and that he had the right to go to trial on each charge if he chose to do so. Thus, this assignment of error is not supported by the record and is therefore overruled.
Williams' fifth assignment of error states as follows:
 V. THE COURT COMMITTED PLAIN ERROR AND TRIAL COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AMENDMENT WHEN DEFENDANT WAS NOT GIVEN THE OPTION OF BEING SENTENCED UNDER S.B. 2.
This same issue has been decided in State v. Rush(1998),83 Ohio St.3d 53, where the court stated in paragraph two of its syllabus:
 Because the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub. S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub. S.B. No. 2 apply only to those crimes committed on or after July 1, 1996.
The record here reveals that Harris committed the crimes in cases CR 344577, CR 339621, and CR 337768 prior to July 1, 1996, and that the court sentenced him in accordance with the laws in effect prior to that date. In accordance with the decision inState v. Rush, the court did not err in imposing sentence. Thus, this assignment of error is without merit and it is therefore, overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. A.J., and KENNETH A. ROCCO. J., CONCUR
 ___________________________________ JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).