This court has held that it would not use an abuse of discretion standard of review on Am.Sub.S.B. No. 2 issues, as held in State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported. In that case this court held that it would instead use a clear and convincing standard and further would not use the silent record presumption for Am.Sub.S.B. No. 2 issues. However, the effective date for Am.Sub.S.B. No. 2 was July 1, 1996 and in State v. Rush (1998), 83 Ohio St.3d 53, the Ohio Supreme Court held that, "* * * the terms of S.B. 2 [shall] be applied only to those persons committing crimes on or after July 1, 1996." The Ohio Supreme Court in Rush, supra, ultimately held that defendants who committed crimes prior to this July 1, 1996 effective date, but who were to be sentenced after this July 1, 1996 effective date were not subject to Am.Sub.S.B. No. 2. The Ohio Supreme Court reinforced Rush, supra, recently in State v.Raglin (1998), 83 Ohio St.3d 253.
In the present case, appellant was sentenced on June 26, 1997, which is after the July 1, 1996 effective date of Am.Sub.S.B. No. 2. However, appellant was indicted on February 9, 1996, which is before the July 1, 1996 effective date of Am.Sub.S.B. No. 2. This means that appellant must have committed the crime before the July 1, 1996 effective date. Therefore, Am.Sub.S.B. No. 2 did not apply to appellant. Rush, supra; Raglin, supra. Thus, this court has conducted the proper review using an abuse of discretion standard and a silent record presumption.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE