OPINION
Defendant-appellant, Dennis Rogers, appeals the denial of his motion for judicial release filed pursuant to R.C.2929.20.
In 1990, appellant was convicted of rape and gross sexual imposition and sentenced to a term of five to twenty-five years in prison. On February 18, 1999, appellant filed a motion for judicial release. The trial court found that appellant was not entitled to judicial release inasmuch as the provisions of Senate Bill 2 did not apply to his case.
On appeal, appellant challenges the trial court's finding that he was ineligible for judicial release. The issue to be decided in this case is whether the provisions of Senate Bill 2 — specifically R.C. Section 2929.20, effective July 1, 1996 — apply to persons sentenced for offenses occurring prior to the bill's effective date.
The Ohio Supreme Court has already determined that, in a general sense, Senate Bill 2 does not apply to individuals who committed crimes before the bill's July 1, 1996 effective date. See State v. Rush (1998), 83 Ohio St.3d 53, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 1052. Furthermore, another court of appeals has specifically held that the provisions of R.C. 2929.20
are inapplicable to individuals who were sentenced for crimes committed before July 1, 1996. See State v. Young (Feb. 5, 1999), Greene App. No. 98 CA 68, unreported; State v. Goff (Oct. 2, 1998), Greene App. No. 97 CA 131, unreported.
We agree with the holdings in Young and Goff and conclude that the trial court did not err in determining that appellant was ineligible for judicial release under R.C. 2929.20.
The assignment of error is without merit and the decision of the trial court is affirmed.
WALSH and VALEN, JJ., concur.