OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, James R. Tippen, appeals from the final judgment of the Lake County Court of Common Pleas in which the trial court imposed upon appellant, among other sanctions, a $750 fine following his conviction for driving under the influence of alcohol. For the following reasons, we affirm the judgment of the trial court.
On July 10, 1998, appellant was indicted by the Lake County Grand Jury on one count of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). Under R.C. 4511.99(A)(4), this offense constituted a fourth degree felony because appellant had previously been convicted of or pled guilty to at least three violations of R.C. 4511.19 or a similar municipal ordinance within six years of the latest offense. Appellant subsequently waived his right to be present at the arraignment, and the trial court entered a plea of not guilty to the charge.
On October 13, 1998, appellant withdrew the above plea and entered a written plea of guilty to the charge under R.C.4511.19(A)(1). On the same day, appellant filed with the trial court an affidavit of indigency attesting to the fact that, although he was aware that the charge carried a mandatory fine, he was indigent, and, therefore, unable to pay the fine associated with his conviction for driving under the influence of alcohol.
The matter came on for sentencing on November 18, 1998. In its judgment entry, the trial court sentenced appellant to the following: (1) two years of community control; (2) sixty-six days in the Lake County Jail with credit for six days time-served, with the additional stipulation that appellant serve the final thirty days of his sentence in the Jail Treatment Program; (3) a mandatory fine of $750; (4) successful completion of the Northeast Ohio Community Alternative Program, including all aftercare recommendations; (5) attend a minimum of three Alcoholics/Narcotics Anonymous meetings per week; (6) a three year suspension of appellant's driver's license; and (7) six points assessed to appellant's driving record. The trial court also overruled appellant's request to suspend the $750 fine based on his indigency.
Appellant filed a timely notice of appeal with this court and asserts the following assignment of error:
 "The trial court erred when it imposed a mandatory fine despite the indigence of the defendant-appellant."
In his sole assignment of error, appellant argues that the trial court abused its discretion when it imposed the minimum mandatory fine for driving under the influence of alcohol. According to appellant, after he filed his affidavit of indigency, the trial should have conducted a hearing to consider his claim. Appellant further believes that after conducting such a hearing, the trial court should have made an affirmative determination concerning his ability to pay the fine, and if it were determined that appellant was unable to pay, the $750 fine should have been waived. We disagree.
This court has recently addressed the precise issue appellant now raises on appeal. See State v. Suchevits (Dec. 17, 1999), Lake App. No. 98-L-205, unreported, 1999 Ohio App. LEXIS 6141; State v.Cottrell (Nov. 5, 1999), Lake App. No. 98-L-220, unreported, 1999 Ohio App. LEXIS 5233; State v. Spinelli (July 23, 1999), Lake App. No. 98-L-093, unreported, 1999 Ohio App. LEXIS 3421.
In each of the above decisions, we determined that there was no ambiguity in either R.C. 4511.99(A)(4) or R.C. 2929.18(B)(3) with regard to the trial court's duty to impose the mandatory fine for a violation of R.C. 4511.19(A)(1). As a result, we held that a trial court has no discretion to waive the fine associated with a fourth degree felony conviction for driving under the influence of alcohol or drugs. Suchevits at 12; Cottrell at 17; Spinelli at 3.
The touchstone of our analysis focused on the exclusive power held by the General Assembly to prescribe punishment for crimes committed in Ohio. State v. Rush (1998), 83 Ohio St.3d 53, 57. Due to its plenary power over such matters, we concluded that when the General Assembly had "intended to allow for the possibility that a mandatory fine could be waived, the legislature included language to that effect in the relevant statutory division itself." Suchevits at 9. See, also, R.C. 2929.18(B)(1), which governs the imposition of fines for all first, second, and third degree felony violations of Revised Code Chapters 2925 ("Drug Offenses"), 3719 ("Controlled Substances"), and 4729 ("Pharmacists; Dangerous Drugs"). However, in those situations where waiver language was not included, a sentencing court has no authority to deviate from the statutory requirements and is required to impose at least the minimum mandatory fine. As was the case in Suchevits, Cottrell, andSpinelli, a review of the applicable statutes in the instant matter discloses no language regarding the waiver of the mandatory fine due to a defendant's indigence or, for that matter, any other reason. Although the trial court could have fined appellant as much as $10,000, it elected to impose the minimum amount in accordance with R.C.4511.99(A)(4). Therefore, based on the authority of our prior decisions in the above aforementioned cases, we conclude that appellant's assignment of error is without merit.
The judgment of the trial court is affirmed.
 _________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.