OPINION
Defendant Lawrence Yacyshun appeals the decision of the Putnam County Court of Common Pleas denying his Crim.R. 32.1 Motion to withdraw plea.
On December 9, 1996, the Putnam County Grand Jury returned an indictment charging the defendant with one count of Felonious Sexual Penetration in violation of former R.C. 2907.12(A)(1)(b). The indictment alleged that defendant had committed the offense "from January, 1990 to May 1996." Defendant initially entered a plea of not guilty to the charge, but on May 8, 1997, defendant pled guilty to an amended charge of Attempted Felonious Sexual Penetration, a felony of the second degree. Pursuant to negotiations with the Putnam County Prosecutor's office, the charge was also amended to reflect that it had occurred "on or after July 1 of 1996" in order to permit defendant to be sentenced under the provisions of Senate Bill 2. Transcript of Plea Hearing, at *2; see also State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. On June 23, 1997, the trial court sentenced defendant to a definite prison term of four years, and the defendant did not appeal his conviction or sentence.
However, while he was serving his prison term, it was brought to the defendant's attention that former R.C. 2907.12, the Felonious Sexual Penetration statute, had been repealed effective September 3, 1996. On October 22, 1999, defendant, pro se, filed a post-conviction motion to withdraw his plea of guilty, arguing that because his case had not been presented to the Putnam County Grand Jury until approximately one month after former R.C. 2907.12
had been repealed, that his counsel had been ineffective in allowing him to enter a plea and he had in fact been convicted and sentenced under a nonexistent statute. On January 4, 2000, the trial court denied defendant's motion. He now appeals pro se, and asserts four assignments of error with the trial court's judgment.
 The trial court abused [its] judicial discretion in ruling that Appellant was not denied effective assistance of counsel.
 The trial court abused [its] judicial discretion in ruling that a jurisdictional issue was time barred.
 The trial court abused [its] judicial discretion in ruling that Appellants [sic] motion to withdraw his guilty plea was a postconviction [petition].
 The trial court abused [its] judicial discretion in denying Appellants [sic] [m]otion to withdraw his guilty plea by allowing the prosecution to threaten Appellant for re-indictment which would put Appellant twice in jeopardy.
 Upon our review of the defendant's motion and brief, we conclude that all of the assigned errors are premised upon a single claim — that defendant entered a guilty plea to a nonexistent offense. We will therefore address all four asserted errors together.
Defendant's arguments are based on the legislature's adoption of House Bill 445, which repealed R.C. 2907.12 and merged the offense of Felonious Sexual Penetration into the offense of Rape. See generally H.B. No. 445, 1996 Ohio Laws File 155 (1996). House Bill 445 was approved by the Governor on June 4, 1996 and became effective September 3, 1996. See id. at Section 5. Defendant argues in all four assignments of error that because this offense no longer existed at the time he was indicted, his conviction under R.C. 2907.12 was a "manifest injustice" sufficient to justify withdrawal of his guilty pleas under Crim.R. 32.1.
In advancing this argument, defendant correctly notes that House Bill 445 repealed R.C. 2907.12 outright and "left no provisions for crimes committed prior to the effective date of the repealing action." Brief of defendant-appellant, at *5. Defendant apparently interprets this silence to mean that the legislature completely abolished the offense of Felonious Sexual Penetration for all past crimes. We are not convinced. First, we observe that defendant's argument requires us to interpret H.B. 445 to have retroactive application, despite the fact that the bill never explicitly states itself to be retroactive. "Statutes are presumed to apply only prospectively unless specifically made retroactive." State v. Cook (1998), 83 Ohio St.3d 404, 410, citing R.C. 1.48. The text of the bill does not itself support the claim the legislature intended to make House Bill 445 retroactive, and defendant has provided no other evidence to support this. Moreover, a retroactive reading of the statute is contrary to R.C. 1.58(A)(3), which provides that "[t]he reenactment, amendment, or repeal of a statute does not * * * [a]ffect any violation thereof * * * prior to the amendment or repeal." We therefore conclude that House Bill 445 was not intended to have retroactive application, and because House Bill 445 did not become effective until September 3, 1996, up until that date there remained a separate criminal offense of Felonious Sexual Penetration under former R.C. 2907.12. Defendant could therefore be properly indicted and convicted after that date for a violation of the statute he committed prior to that date. See,e.g., R.C. 1.58(A)(3).
Defendant also seems to argue that even if House Bill 445 was not retroactive, it was improper for the trial court to sentence him under the determinate sentencing provisions of Am.Sub.S.B. 2. However, defendant has apparently overlooked the fact that Senate Bill 2 took effect on July 1, 1996 — two months prior to the effective date of House Bill 445. Compare Section 6, S.B. 2, 1995 Ohio Laws File 50 (1995), with Section 5, H.B. No. 445, 1996 Ohio Laws File 155 (1996). For offenses committed during that time period only, R.C. 2907.12 was subject to the determinate sentencing scheme of Senate Bill 2.[1]
At defendant's plea hearing, his indictment was amended to reflect that the attempted felonious sexual penetration offense occurred "on or about July 1 of 1996." See Transcript of Plea Hearing, at *8-9. Defendant then admitted on the record that the offense had occurred on that date. Id. Without some evidence in the record establishing that his crime necessarily occurred after September 3, 1996 (the effective date of House Bill 445), there is no justification for the argument that defendant's plea was invalid, since Felonious Sexual Penetration remained a statutory offense until that date. We have searched the record, and it reveals no indication that such evidence exists. Moreover, because defendant admitted on the record that the incidents upon which the charges were based occurred after Senate Bill 2 became effective on July 1, 1996, see Transcript of Plea Hearing at *8-9, the determinate sentencing provisions of that statute do indeed control his case. See Statev. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. Finally we note that under the offense of felonious sexual penetration as originally indicted, defendant faced a possible penalty of life in prison. See former R.C. 2907.12(B). Following the negotiated plea and corresponding amendment to the charge and the date, which placed the offense within the parameters of Senate Bill 2, defendant faced a possible penalty of eight years incarceration, and was actually sentenced to a definite prison term of four years.
Based on the foregoing analysis, we conclude that defendant's argument that he is entitled to withdraw his pleas based upon "manifest injustice" is meritless. Accordingly, we cannot conclude that the trial court abused its discretion in any way when it denied defendant's petition. For these reasons, defendant's four assignments of error are overruled and the judgment of the Common Pleas Court of Putnam County is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and WALTERS, J., concur.
[1] Moreover, this argument completely overlooks the impact of Senate Bill 269 on this case. House Bill 445 was enacted during the same term as both Amended Substitute Senate Bill 2, which reformed Ohio's Felony Sentencing laws, and Senate Bill 269, an emergency housekeeping measure that contained some provisions changing aspects of Senate Bill 2. Of particular importance are the provisions of uncodified law enacted in Senate Bill 269, specifically one crucial sentence of section 3:
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
 Section 3, S.B. 269, 1996 Ohio Laws File 185. Because R.C. 2907.12 remained "in existence" for a full two months "on and after July 1, 1996" (the effective dates of both Senate Bill 2 and Senate Bill 269), defendant cannot argue that R.C. 2907.12
does not apply to conduct he admitted to have occurred "on or about July 1, 1996." Transcript of Plea Hearing, at *9; see also State v. Rush (1998), 83 Ohio St.3d 53, paragraph three of the syllabus; id. at 57.