OPINION
On July 11, 1996, defendant-appellant, Michael A. Azan, pled guilty to three counts of gross sexual imposition, one count of disseminating material harmful to juveniles and one count of illegal use of a minor in nudity oriented material or performance. All of the criminal offenses occurred before May 20, 1996.
The trial court sentenced appellant to the maximum terms of two years in prison for each of the counts of gross sexual imposition and for disseminating material harmful to juveniles. The trial court further sentenced appellant to an indefinite term of five years to fifteen years in prison for illegal use of a minor in nudity oriented material or performance. The trial court ordered appellant to serve all of the sentences consecutively.
In a single assignment of error, appellant argues that the trial court abused its discretion by sentencing him to the maximum consecutive terms for each count. The gravamen of appellant's various arguments is that the trial court erred by failing to sentence appellant pursuant to the provisions of R.C. 2929.14(C) and (E) as amended by Am.Sub.S.B. No. 2 ("Senate Bill 2"), effective July 1, 1996. It appears the appellant contends that he should have been sentenced under Senate Bill 2 because his sentencing occurred after its effective date.
The amended sentencing provisions of Senate Bill 2 apply only to those crimes committed on or after July 1, 1996. State v. Rush
(1998), 83 Ohio St.3d 53, paragraph two of the syllabus; State v.Raglin (1998), 83 Ohio St.3d 253, 259-60. The crimes to which appellant pled guilty all occurred before May 20, 1996. Therefore, the trial court did not err by failing to sentence appellant pursuant to the revised sentencing provisions of R.C.2929.14 as amended by Senate Bill 2.
 _______________ POWELL, P.J.
YOUNG and WALSH, JJ., concur.