OPINION
Defendant-appellant Lexie Dell Weaver appeals from the denial of his petition for post-conviction relief. Weaver argues that he should be entitled to the more lenient sentencing provisions contained in Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, which became effective July 1, 1996. As the State points out, however, and as the trial court found, Weaver's petition was not timely filed. Furthermore, Weaver's argument in favor of the more lenient sentencing provisions enacted in 1996 was rejected by the Ohio Supreme Court in State v. Rush (1998),83 Ohio St.3d 53. Accordingly, the judgment of the trial court is Affirmed.
 I
In September, 1994, Weaver was charged by indictment with one count of Unlawful Possession of Dangerous Ordnance, one count of Kidnapping, and one count of Attempted Murder. All three offenses were allegedly committed on or about September 18, 1994. Following a jury trial, Weaver was convicted of Unlawful Possession of a Dangerous Ordnance. He was found not guilty of Kidnapping, but guilty of Abduction, a lesser-included offense. Similarly, he was found not guilty of Attempted Murder, but guilty of the lesser-included offense of Aggravated Assault. Judgments of conviction were entered, and Weaver was sentenced accordingly.
Weaver's direct appeal from his conviction and sentence resulted in an affirmance by this court. State v. Weaver (November 8, 1995), Miami App. No. 95- CA-1, unreported.
On September 18, 2000, Weaver filed a petition for post-conviction relief. The trial court dismissed Weaver's petition upon the grounds that it was not timely filed. From the dismissal of his petition, Weaver appeals.
 II
Weaver's sole assignment of error is as follows:
 TRIAL COURT ERRED IN NOT GRANTING EXTENDED TIME FOR POST CONVICTION RELIEF. FURTHER COURT ERRED IN NOT SETTING ASIDE THE DEGREE OF OFFENSE AND SENTENCE PURSUANT TO SECTION 2953.21(G) OF THE OHIO REVISED CODE COURT ERRED IN NOT AFFIRMING APPELLATE CLAIM OF EQUAL PROTECTION UNDER THE LAW.
As the trial court noted, R.C. 2953.21(A)(2) provides that a petition for post- conviction relief must be filed within 180 days after the date on which the trial transcript is filed in the court of appeals in a direct appeal of the judgment of conviction, or, if sentence was imposed prior to September 21, 1995, within one year from September 21, 1995.
The opinion of this court in Weaver's direct appeal was filed November 8, 1995. Obviously, then, the trial transcript must have been filed in this court before that date. Thus, at the latest, Weaver would have had until November 8, 1996, within which to file his petition for post-conviction relief.
R.C. 2953.23(A) provides grounds for entertaining an untimely filed petition for post-conviction relief. Weaver did not assert any of these grounds in the trial court, or in this court. Furthermore, there would not appear to be any grounds for permitting an untimely filing under the circumstances of this case. Accordingly, we conclude that the trial court correctly dismissed Weaver's petition upon the grounds that it was not timely filed.
With respect to the merits of Weaver's petition, he appears to be arguing that he should be entitled to have his sentence modified to reflect the more lenient sentencing provisions of Am. Sub. Senate Bill No. 2, 146 Ohio Laws, Part IV, 7136, even though his offenses were committed, and his sentences were imposed, prior to July 1, 1996, the effective date of that statute. This argument was rejected in State v. Rush, supra.
Weaver's sole assignment of error is overruled.
 III
Weaver's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ______________ FAIN, J.
WOLFF, P.J., and YOUNG, J., concur.