I find the trial court erred in revoking its previous order granting treatment in lieu of conviction and re-sentencing appellant.
As the majority concedes, the judgment was journalized on May 10, 2000. The trial court did not file a judgment entry re-sentencing appellant until June 19, 2000.
R.C. 1.58 provides that an amendment to a statute does not affect any violation or punishment incurred prior to the amendment, except that if the penalty is reduced by the amendment, the lesser punishment must be imposed pursuant to the amended statute. Here there is no question the amendment did not reduce the penalty appellant had incurred. Instead, the amendment made treatment in lieu of conviction unavailable.
In State v. Rush, (1998), 83 Ohio St.3d 53, the Supreme Court held an amended sentencing provision only applies to crimes committed on or after the effective date of the provision. Here, the indictment charges appellant committed the offense on or about January 3, 2000.
The Rush court also noted Section 10, Article I of the United States Constitution prohibits retroactively increasing the punishment for a crime, Rush, at 59, citations deleted.
I find the trial court erred in finding treatment in lieu of conviction was not an option in appellant's case.
Once the court granted treatment in lieu of conviction, the only action the court could take would have been pursuant to R.C. 2951.041 (F). Under that subsection, the court could impose a term of imprisonment only if it found appellant had failed to satisfactorily complete treatment or had not complied with other conditions the court had set. The record does not reveal appellant failed in any way in his efforts at rehabilitation. The record does not even contain an allegation appellant had failed.
R.C. 2901.04 requires us to strictly construe penalties against the state, and liberally in favor of the accused.
The majority finds treatment in lieu of conviction is never a sentence. If so, a trial court could at any time rescind its order and impose sentence without regard to the offender's success or failure to rehabilitate himself.
Appellant was entitled to continue his rehabilitation unless and until he failed. Here appellant did everything the court ordered him to do.
I would sustain both assignments of error.
 ____________________ W. SCOTT GWIN, JUDGE