OPINION
Defendant Roger L. Romine, aka, Abdul Aziz, appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which overruled his motion to suspend further execution of appellant's sentence. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL [SIC] ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT A PRE-SENTENCE REPORT PURSUANT TO CRIMINAL RULE 32.2 AS AMENDED FROM CRIMINAL RULE 32.2 (A) AS REMEDIAL PROCEDURE AT LAW.
 ASSIGNMENT OF ERROR NO. 2:
 THE OHIO GENERAL ASSEMBLY CANNOT INTERFER [SIC] WITH THE OHIO SUPREME RULEMAKING AUTHORITY OF ALL COURTS INVOLVING REMEDIAL PROCEDURES AS BEING NONRETROACTIVE IN APPLICATION.
The record indicates on July 8, 1988, appellant was convicted for voluntary manslaughter with a gun specification, and was sentenced to an indeterminate term of 10 to 25 years, plus 3 years on the gun specification. The record does not demonstrate a pre-sentence investigation was conducted.
On March 21, 2001, appellant filed his motion to suspend further execution of the sentence, and also moved the court for a pre-sentence report prior to probation consideration. The court overruled the motion for a pre-sentence investigation on June 28, 2001, and overruled appellant's motion for judicial release on July 5, 2001.
 I
In his first assignment of error, appellant argues the trial court denied him a pre-sentence report which appellant urges the court needed to consider his motion for shock probation. Appellant cites us to R.C. Sections 2929.20 and 2947.061.
We find appellant is not eligible for judicial release pursuant to R.C. 2947.061. This statute was repealed by the Ohio Legislature in Senate Bill 2, effective July 1, 1996, and the relief contained in R.C.2947.061 is no longer available.
As the State points out, the statute provided a defendant shall not file more than one motion pursuant to the statute, and the record demonstrates appellant filed such a motion in 1992.
R.C. 2929.20, effective July 1, 1996, as a portion of Senate Bill 2, applies only to persons sentenced to prison after July 1, 1996, see Statev. Rush (1998), 83 Ohio St.3d 53.
Because we find no relief was available to appellant for judicial release, we find no error in the court not directing a pre-sentence report be prepared.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges Ohio's statutory scheme, under which a defendant may receive early release, or community control, conflicts with Crim. R. 32.2.
Crim. R. 32.2 requires a court to conduct a pre-sentence investigation prior to granting a defendant probation. We find this is not in conflict with the sentencing guidelines that provide for incarceration or community control.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
By GWIN, J., EDWARDS, P.J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.