OPINION
Defendant-appellant, Michael G. Baker, appeals his conviction and sentence in the Butler County Court of Common Pleas for a violation of probation. We affirm the decision of the trial court.
On June 20, 1995, appellant was indicted for five crimes: burglary, disorderly conduct, menacing, obstructing justice and assault. A sixth count of intimidation of a witness was added in an amended indictment on October 2, 1995. Trial on all six counts was held on October 4 and 5, 1995. A jury convicted appellant of burglary, disorderly conduct, menacing, assault, and intimidation of a witness. The obstructing justice count was dismissed.
Appellant was sentenced to serve two-to-five-years for burglary, 30 days for disorderly conduct, 30 days for menacing, six months for assault, and two years for witness intimidation. The court ordered all of the sentences served concurrently and suspended appellant's sentences in lieu of probation. Appellant was placed on probation on November 30, 1995.
Appellant first violated his probation on January 1, 1997, when he was arrested for disorderly conduct and two counts of assault on a police officer. Appellant pled guilty to one count of felony assault on a police officer. After a hearing, the court found that appellant had violated his probation, however, the court continued his probation. In June 2000, appellant violated his probation a second time when he was charged in Warren County with robbery. Appellant was found guilty and sentenced by the Warren County Common Pleas Court to three years in the Ohio Department of Rehabilitation and Correction ("ODRC") for the robbery.
On September 27, 2000, the state moved to toll appellant's Butler County probation due to his incarceration. The state filed a notice alleging that appellant had violated his probation when he was arrested, pled guilty, and was sentenced to serve three years for robbery. On March 21, 2001, the trial court held a hearing on the probation violation, at which appellant admitted that he violated his probation and that he was serving three years in ODRC for the Warren County robbery conviction. Appellant also acknowledged that the court had previously denied his request that it sentence him under post July 1, 1996 sentencing law.
On April 13, 2001, the trial court held a dispositional hearing and stated that it considered appellant's previous probation violation, his background, his history, his new crime, and the court's responsibility to protect the public. After taking all these factors into consideration, the court determined it had no alternative but to revoke appellant's probation and sentence him to prison. The court re-imposed appellant's original two-to-five-year prison sentence, and ordered it served consecutively to the three-year robbery sentence. Appellant appeals raising two assignments of error:
Assignment of Error No. 1:
 "THE TRIAL COURT LACKED JURISDICTION TO REVOKE APPELLANT'S PROBATION WHERE THE REPORT OF PROBATION VIOLATION WAS NOT FILED UNTIL AFTER THE TERM OF PROBATION HAD EXPIRED."
Appellant argues that the expiration of the probation period ends the jurisdiction of the trial court to impose the suspended sentence for violation of the conditions of probation. Appellant argues he was placed on five years of probation on November 30, 1995. Since the allegation that appellant violated his probation did not occur until March 21, 2001, appellant argues the allegation did not occur until four months after the probation period expired.
By virtue of R.C. 2951.011(A), pre-1996 sentencing law applies to appellant's probation. Under pre-1996 law, a trial court has jurisdiction to terminate an offender's probation and impose any sentence that might originally have been imposed at any time during the probationary period.State v. Szesze (Jan. 26, 1990) Portage App. No. 88-P-2016, at 1. Pre-1996 R.C. 2951.07 states, if the probationer "is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as he is brought before the court for its further action." Therefore, the statute by operation of law automatically tolls the probation period once the probationer is confined in any institution for the commission of an offense. Furthermore, the state took action to toll the probation period by filing an Order to Estop Probation by Reason of Incarceration on September 27, 2000. The trial court granted the order. The order states, "the period of time of such incarceration of [appellant] shall not apply as against the probationary period. It is therefore a further order of this Court that an order of arrest be prepared by the Chief Adult Probation Officer and that such order of arrest be forwarded as a detainer to the institution wherein [appellant] is incarcerated."
Appellant argues tolling of the probationary period can only be accomplished by a timely-filed motion to terminate probation and a timely filed warrant, capias, or summons. However, since appellant was incarcerated rather than an absconder, a motion to terminate probation and a timely filed warrant, capias, or summons was not required to toll the probation period. See R.C. 2951.07. Appellant's probation period was automatically tolled as a result of his confinement in an institution for the commission of an offense. Appellant did not abscond, therefore the State was not required to declare appellant an absconder and issue an arrest warrant, capias, or summons to effect probation tolling.
Since appellant's probationary period was tolled from the time he was confined in ODRC for the commission of a robbery, the court retained jurisdiction until appellant was brought before the court for his probation revocation hearing on April 13, 2001. Consequently, the trial court retained jurisdiction to re-impose the original two-to-five-year sentence. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2:
 "THE TRIAL COURT ERRED IN ORDERING THE SENTENCE BE SERVED CONSECUTIVELY TO THE WARREN COUNTY SENTENCE."
Appellant argues R.C. 2929.11 through 2929.18 require trial court to make specific findings when imposing a sentence. Appellant argues a trial court's failure to follow the guidelines and to make the required findings to support the imposition of a sentence is contrary to law. Appellant argues the trial court did not make the necessary findings to impose consecutive sentences because no factors exist that require consecutive sentences.
A reviewing court will not disturb a sentence unless the trial court abused its discretion while imposing sentence. State v. Hill,70 Ohio St.3d 25, 29, 1994-Ohio-12. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
Pre-July 1, 1996 sentencing law applies because appellant's original two-to-five-year sentence was imposed in 1995 for a crime committed in 1995. The amended sentencing provisions are only applicable to crimes committed on or after July 1, 1996. See State v. Rush, 83 Ohio St.3d 53,57, 1998-Ohio-423; R.C. 2951.011(A). In 1995, R.C. 2929.41 (B)(1) provided, "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment * * * when the trial court specifies that it is to be served consecutively." The statute clearly vests the trial court with discretion to specify that the sentences run consecutively rather than concurrently. The statute does not require the sentencing judge to explain or justify his decision. State v. Carey (May 10, 1996) Washington App. No. 95-CA-2, at 5. Therefore, the trial court was not required to make specific findings or to explain its decision.
The court specified that appellant was to serve his sentence consecutively and the sentence was within the statutory limits. Since the trial court did not act unreasonably, arbitrarily, or unconscionably there was no abuse of discretion. Therefore, the second assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.