OPINION
 STATEMENT OF THE FACTS AND CASE {¶ 1} On August 13, 1996, Appellant entered pleas of guilty to charges of Burglary, in violation of R.C. § 2911.12(A)(1), Robbery, in violation of R.C. § 2911.02 and Aggravated Robbery, in violation of R.C. § 2911.01 contained in a Bill of Information docketed the same day. The dates of commission for these offenses were May 21, 1996, May 15, 1996 and May 28, 1996, respectively.
 {¶ 2} On September 13, 1996, a Judgment Entry of sentencing was filed sentencing Appellant to consecutive sentences of three (3) to fifteen (15) years on both the Burglary and Robbery charges and five(5) to twenty-five (25) years on the Aggravated Robbery charge.
 {¶ 3} On February 12, 2002, Appellant filed a Motion for Resentencing.
 {¶ 4} On March 14, 2002, the trial court denied said motion.
 {¶ 5} It is from this March 14, 2002, denying said Motion for Resentencing which Appellant files the instant appeal, assigning the following sole error for review:
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION FOR RESENTENCING."
 I. {¶ 7} Appellant contends, in his sole assignment of error, that he should have been permitted to elect to be sentenced pursuant to the law in effect on June 2, 1997, the day he was sentenced. Such date is after the effective date of S.B. 2.[1] We, however, disagree with appellant's contention.
 {¶ 8} In State v. Rush (1998), 83 Ohio St.3d 53, the Ohio Supreme Court expressly held that the amended sentencing provisions of S.B. 2 apply only to those crimes committed on
 {¶ 9} or after July 1, 1996. Since appellant's offense was committed prior to July 1, 1996, appellant could not be sentenced in accordance with S.B. 2.
 {¶ 10} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.
By: Boggins, J., Gwin, P.J. and Edwards, J. concur.
[1] S.B. 2, which amended sentencing provisions, became effective July 1, 1996.