OPINION
{¶ 1} Defendant-appellant, Jesse O. Pierce, appeals the decision of the Butler County Court of Common Pleas sentencing him to 27 months in prison for two counts of felony nonsupport of dependents. We reverse the common pleas court's decision and remand the case for resentencing.
 {¶ 2} In August 2002, appellant pled guilty to two counts of felony nonsupport of dependents in violation of R.C. 2919.21. The first count was a fourth-degree felony, while the second count was a fifth-degree felony.
 {¶ 3} After a sentencing hearing in October 2002, the common pleas court sentenced appellant to 18 months in prison for the first count, and nine months in prison for the second count. The court ordered that the sentences be served consecutively.
 {¶ 4} Appellant now appeals the common pleas court's decision, assigning two errors.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court erred, to the prejudice of appellant, in sentencing appellant to consecutive sentences without making the mandatory findings, supported by a statement of the court's reasoning, as required under orc 2929.14 and 2929.19."
 {¶ 7} In this assignment of error, appellant argues that the common pleas court failed to make the required statutory findings before imposing consecutive sentences. Further, appellant argues that the court failed to state its reasons for imposing consecutive sentences.
 {¶ 8} Before imposing consecutive sentences, R.C.2929.14(E)(4) requires the sentencing court to make three findings. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find that one of the following in R.C. 2929.14(E)(4)(a)-(c) applies:
 {¶ 9} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to * * * [R.C.] 2929.16, [R.C.]2929.17, or [R.C.] 2929.18 * * *, or was under post-release control for a prior offense.
 {¶ 10} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses * * * was so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} R.C. 2929.19(B)(2)(c) requires the sentencing court to give its reasons for imposing consecutive sentences. Additionally, the sentencing court must make the required findings and give reasons supporting those findings on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 13} At the sentencing hearing, the common pleas court stated the following with regard to its imposition of consecutive sentences:
 {¶ 14} "Now, the Court wants to say that the Court is imposing a consecutive prison term even though they are separate indictments. [The] Court believes that that is necessary to adequately — that based upon the defendant's prior criminal record that consecutive prison terms are needed to protect the public and that the harm is so great that a single term would not adequately reflect the seriousness of the crime involved."
 {¶ 15} The record does not show that the common pleas court made the required finding pursuant to R.C. 2929.14(E)(4) that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public.Comer requires the sentencing court to make the required statutory findings and give the reasons supporting those findings on the record at the sentencing hearing. Comer, at paragraph one of the syllabus. Accordingly, pursuant to Comer, we must sustain appellant's first assignment of error.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court erred to the prejudice of appellant in imposing the maximum sentence in Case No. CR02-01-0129 without making the necessary findings, supported by a statement of the trial court's reasoning, as required by ORC 2929.14 and 2929.19."
 {¶ 18} In this assignment or error, appellant argues that the common pleas court erred in imposing the maximum sentence for one of the felony nonsupport counts. Appellant argues that the common pleas court did not make the required statutory finding or give the reason for that finding.
 {¶ 19} The criminal conduct for which appellant was convicted in case number CR02-01-0129 occurred prior to July 1, 1996, the effective date of Senate Bill 2, which revamped Ohio's sentencing scheme. Accordingly, we review appellant's sentence for that criminal conduct under the former version of R.C. Chapter 2929.State v. Rush, 83 Ohio St.3d 53, 1998-Ohio-423, paragraph two of the syllabus (the provisions of Senate Bill 2 can be applied only to crimes committed on or after its effective date). Under the pre-Senate Bill 2 version of R.C. Chapter 2929, an appellate court would generally not reverse a sentencing court's exercise of discretion in sentencing when the sentence was authorized by statute and was within the statutory limits. State v. Hill,70 Ohio St.3d 25, 29, 1994-Ohio-12.
 {¶ 20} We find no error by the common pleas court in imposing an 18-month sentence in case number CR02-01-0129. Under former R.C. 2929.11(B)(7), the sentencing range for a fourth-degree felony was 18 months to five years. Thus, the 18-month sentence imposed by the court was within the sentencing range authorized by statute. After reviewing the record, we find no abuse of discretion by the common pleas court. Appellant's second assignment of error is overruled.
 {¶ 21} Because we sustain appellant's first assignment of error and find that the common pleas court erred in its imposition of consecutive sentences, we reverse the decision of the common pleas court and remand this case for resentencing in accordance with State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 22} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
Walsh and Valen, JJ., concur.