OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for consideration of the motion to dismiss of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the primary grounds for his motion, respondent argues that the habeas corpus claim of petitioner, Charles E. Lester, fails to state a viable basis for the requested relief because his allegations are not sufficient to show that his present incarceration is unlawful. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} According to petitioner, his confinement in respondent's institution is predicated on a 1992 criminal conviction rendered by the Summit County Court of Common Pleas. In that underlying action, the trial court accepted petitioner's guilty plea to two counts of aggravated burglary, and sentenced him to two concurrent terms of six to twenty-five years for these offenses. After petitioner had served approximately fifteen months, the trial court granted his motion to suspend further execution of this sentence and placed him on probation for two years. However, in February 1994, that court then revoked his probation on the grounds that he had subsequently been convicted of other offenses in a separate criminal proceeding. Since 1994, petitioner has been serving his sentence under the 1992 conviction.
 {¶ 3} As the basis for his habeas corpus claim, petitioner states that, approximately four years after the issuance of his 1992 conviction, the Ohio General Assembly enacted a new statutory sentencing scheme in Am.Sub.S.B. No. 2 ("Senate Bill 2"). Petitioner asserts that, as part of this new scheme, the legislature changed the basic elements of the offense of aggravated burglary, and that he would have only been convicted of a third-degree felony if this new scheme had been in effect when he was convicted in 1992. In light of this, he ultimately contends that the failure to apply Senate Bill 2 to his 1992 conviction constitutes a violation of the constitutional prohibition against ex post facto laws.
 {¶ 4} In addition to the foregoing, petitioner alleges in his petition that his basic sentence for the two counts of aggravated burglary would have been substantially less under the new sentencing scheme. As a result, he further contends that he is entitled either to be released immediately because he has already served the maximum sentence possible, or to be given a new sentencing hearing before the Summit County trial court.
 {¶ 5} In regard to the possible application of Senate Bill 2, this court would first note that the constitutional prohibition against ex post facto laws is generally intended to require a legislature to provide fair warning of any change in a law so that an individual can know the possible effects of an act prior to its actual occurrence. State v. Cook (1998),83 Ohio St.3d 404, 414. Stated differently, the purpose of the prohibition is to enjoin the passage of any law which would create a new liability for a prior act. State v. Walls, 96 Ohio St.3d 437,2002-Ohio-5059, at ¶ 21. In light of these basic principles, the Supreme Court of Ohio has indicated that the "ex post facto" prohibition will stop the retroactive application of a new law when its enforcement would "`* * * punish as a crime an act previously committed, which was innocent when done; * * * make more burdensome the punishment for a crime, after it commission; [and] deprive one charged with [a] crime of any defense available according to law at the time when the act was committed.'" Statev. Wickline (1996), 74 Ohio St.3d 369, 371, quoting Collins v.Youngblood (1990), 497 U.S. 37, 52.
 {¶ 6} In addition to the foregoing three scenarios, the Supreme Court has recently stated that the "ex post facto" prohibition would apply to any law which, after the commission of the actual crime, would alter the nature of the evidence needed to obtain a conviction for that crime. Walls, 2002-Ohio-5059, at ¶ 22. Although not specifically asserted in his petition, it is apparent that petitioner believes that the fourth scenario exists under the facts of his case. That is, petitioner contends that an ex post facto violation took place when the Ohio General Assembly changed the elements of the offense of aggravated burglary after he had committed the two offenses which led to his 1992 conviction.
 {¶ 7} However, this court would again indicate that the primary purpose of the Ex Post Facto Clause in the United States Constitution is to provide a person with fair warning of the effect of legislative enactments. Cook at 414. Accordingly, it follows that a violation of the ex post facto prohibition can take place under the fourth scenario only when the change in the elements of an offense is enacted after the accused has committed the behavior at issue, but before he has been brought to trial on the matter. Simply stated, the Ex Post Facto Clause requires that a person's criminal conviction can only be based on the elements of a crime as defined at the time the behavior actually occurred. This basic logic would apply to the other three scenarios in which an ex post facto violation could take place.
 {¶ 8} In the instant case, petitioner's own allegations support the conclusion that his 1992 conviction for two counts of aggravated burglary was predicated on the statutory definition of aggravated burglary which was in effect at the time he committed the two offenses. Similarly, his own allegations demonstrate that he was sentenced under the statutory scheme which had been in effect as of the date of the offenses. Therefore, petitioner's habeas corpus claim is legally insufficient to establish that he has been subjected to a violation of the prohibition against ex post facto laws. If the Ex Post Facto Clause was interpreted in the manner petitioner desires, it would have the effect of never allowing an amendment to criminal statutes unless the changes were applied retroactively to any prior conviction. The Supreme Court of Ohio has consistently held that this is not the purpose of the Ex Post Facto Clause. See State v. Rush (1998),83 Ohio St.3d 53, 60.
 {¶ 9} Pursuant to the foregoing analysis, this court holds that, even when petitioner's allegations are construed in a manner most favorable to him, those allegations indicate that he will be unable to prove a set of facts showing that his 1992 conviction should be set aside as a result of an ex post facto violation. In turn, since petitioner is not entitled to be resentenced under Senate Bill 2, he cannot prove a set of facts under which he would be entitled to be released immediately on the basis that he has completed his maximum sentence. Again, because petitioner was convicted and sentenced under the criminal statutes which were effective at the time he committed the two offenses, he will not be able to establish an ex post facto violation. Thus, the dismissal of his petition is warranted under Civ.R. 12(B)(6) because he has failed to state a viable claim for a writ of habeas corpus.
 {¶ 10} Respondent's motion to dismiss the habeas corpus petition is hereby granted. It is the order of this court that petitioner's entire habeas corpus petition is dismissed.
Ford, P.J., Grendell and Rice, JJ., concur.